IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Francis Schaeffer Cox,<br>    Plaintiff,<br><br>vs.<br><br>Terry Dodd,<br>Maria Rensel,<br>Bill Rensel,<br>Richard Neff,<br>    Defendants, | )<br>)<br>)<br>)  Civil No._____<br>)<br>)<br>)  **FILED**<br>)  UNITED STATES DISTRICT COURT<br>)  DENVER, COLORADO<br>)<br>)  SEP 11 2018<br>)<br>)  JEFFREY P. COLWELL<br>                      CLERK |

**COMPLAINT FOR FRAUD AND MISREPRESENTATION**

COMPLAINT

Plaintiff, Francis Schaeffer Cox, the sole principle of FREE SCHAEFFER COX, complains against Defendants Terry Dodd, Maria Rensel, Bill Rensel, and Richard Neff as follows:

SUMMARY

1. This case arises out of the acts of Fraud and Misrepresentation made by the Defendants, who obtained funds under the false pretense of raising said funds for the legal defense of Francis Schaeffer Cox.

2. The Defendants, with fraudulent intent, raised funds for the legal defense by seeking out, facilitating, and coordinating donations from supporters of the Plaintiff, while making misrepresentations to the supporters that the funds would be used for Plaintiff's legal defense.

3. None of the donated funds have been delivered to Plaintiff, or used for the sole purpose for which they were raised, clearly constituting the

1

commission of fraud, and fraud by misrepresentation, by the Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. & 1332(a)(1), as the amount in controversy exceeds $75,000 and the parties are citizens of different States.

5. Venue is proper in this district pursuant to 28 U.S.C. & 1391(b)(3), any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to this action is the proper venue. Defendant Terry Dodd is a citizen of Colorado, and has been at all times relevant to this complaint.

## PARTIES

6. Francis Schaeffer Cox, who is the sole principal of FREE SCHAEFFER COX, and who at no time authorized any of the Defendants to create a project in his name, or to obtain funds through the use of fraud and misrepresentations, to those who support him by donating to his legal defense fund.

7. Terry Dodd, who was either the self appointed Chairman of the defunct corporation ALASKANS FOR LIBERTY, or was appointed Chairman by some other self appointed, alleged Officer of the Board of ALASKANS FOR LIBERTY, which was at all times, a defunct corporation of the State of Wyoming.

8. Maria Rensel, who was an alleged Officer of the Board of the defunct corporation ALASKANS FOR LIBERTY, and who was the self appointed project manager of the SCHAEFFER COX "PROJECT" which was alleged to be a "PROJECT" of ALASKANS FOR LIBERTY, a defunct Wyoming corporation.

9. Bill Rensel, who is alleged to be a member of the Board of Directors of the defunct corporation ALASKANS FOR LIBERTY.

10. Richard Neff, who is alleged to be the Vice Chairman of the defunct corporation ALASKANS FOR LIBERTY.

## FACTS COMMON TO ALL COUNTS

11. Maria Rensel, enlisted the help of Terry Dodd, Bill Rensel, and Richard Neff to assist with the fraudulent acts of creating a FREE SCHAEFFER COX "PROJECT" which was alleged to be a "PROJECT" of ALASKANS FOR LIBERTY. Maria Rensel, Terryd Dodd, Bill Rensel, and Richard Neff claimed to be members of the Board of Directors of this defunct Wyoming Corporation.

12. Maria Rensel, enlisted Terry Dodd, Bill Rensel, and Richard Neff to join in making fraudulent misrepresentations of being a body of legitimate corporate individuals working on behalf of the Plaintiff to raise funds for his legal defense. At all times, the Defendants misrepresented themselves to be members of a defunct Wyoming Corporation called ALSKANS FOR LIBERTY, signed contracts with legitimate Corporations on behalf of the Plaintiff in order to induce those Corporations to conduct direct mail campaigns, and receive and distribute funds to people other than the Plaintiff.

13. Maria Rensel, Terry Dodd, Bill Rensel, and Richard Neff would tell the Corporations that they were dealing with, to not speak with the Plaintiff, and to not divulge any information to the Plaintiff or to anyone on behalf of the Plaintiff, when in fact, the Corporations were working on behalf of the Plaintiff, solely to assist him with obtaining donations for his legal defense.

14. The contracts signed by the Defendants with the Corporations were for a fixed term of 36 months.

15. Maria Rensel signed as Project Manager, Richard Neff signed as Vice Chairman, Bill Rensel signed a caging contract without providing his job title, and Terry Dodd was the Chairman of the Board of ALASKANS FOR LIBERTY.

16. All of the donated funds were to be delivered to the Plaintiff, solely for use in his legal defense, instead, the Defendants misappropriated the funds, and used them for things other than what they were intended for.

17. None of the funds raised were given to the Plaintiff, and it is

unclear where the funds are currently located.

18. Plaintiff has repeatedly tried to make contact with the Defendants to ascertain the current location of the funds donated for his legal defense, because no money has been forthcoming for his legal defense.

19. A final request for the funds donated to the Plaintiff was sent to the Defendants with no response.

## COUNT ONE
### CIVIL CONSPIRACY (ALL DEFENDANTS)

20. Maria Rensel, Terry Dodd, Bill Rensel, and Richard Neff, formed an agreement among themselves to create a fraudulent FREE SCHAEFFER COX "PROJECT" and to seek donations from the supporters of the Plaintiff without written consent or a contractual agreement with the Plaintiff, or any type of legal authorization from the Plaintiff to create such a project.

21. The Defendants further agreed, in violation of any agreement with the Plaintiff, to use the donated funds for impermissible purposes, instead of their intended purpose.

22. The Defendants misled the Plaintiff regarding their relative qualifications/background, took possession of the funds donated for Plaintiff's legal defense, and materially withheld information related to the location and status of those funds.

23. At all times, the Defendants acted in furtherance of a common scheme or plan to defraud the Plaintiff and his supporters.

## COUNT TWO
### BREACH OF FIDUCIARY DUTY (Maria Rensel)

24. Maria Rensel, by virtue of her agreement with the Plaintiff, and acceptance of funds donated solely for the purpose of Plaintiff's legal

defense, created a fiduciary duty and relationship with the Plaintiff.

25. The acts of Maria Rensel in distributing funds donated for the Plaintiff's legal defense, and not acting to further the interests of the Plaintiff, also constituted a breach of that fiduciary duty.

26. As a result of that breach, Plaintiff has lost that value and use of the funds raised for his legal defense, that Maria Rensel and others presumably withdrew and spent.

## COUNT THREE
### FRAUD/INTENTIONAL MISREPRESENTATION (ALL DEFENDANTS)

27. Maria Rensel, Terry Dodd, Bill Rensel, and Richard Neff, made false representations to the Plaintiff, and to others on behalf of the Plaintiff, which include but are not limited to: their ability to raise funds for the Plaintiff's legal defense, their purpose in entering into an agreement with others on behalf of the Plaintiff, the integrity of the Defendants, the background of the Defendants, and the safety of the funds raised.

28. The Defendants made false representations to the Plaintiff and others on behalf of the Plaintiff, including but not limited to: their status as actual members of the Board of Directors for the defunct Corporation ALASKANS FOR LIBERTY, their backgrounds in the community, their connections in the community, and their intentions with regard to the funds raised.

29. The security of the funds raised, the ability of the Defendants to raise funds, their experience with raising funds, and the professed safety of the funds raised, were all material facts at issue.

30. In each instance, the Defendants made these false statements with full knowledge of their false nature and with the intent to deceive the Plaintiff and others on behalf of the Plaintiff, and to create an air of reliability and safety for the funds raised.

31. Plaintiff took action in reliance on these statements in engaging the Defendants, and having funds deposited with the Defendants.

## PRAYER FOR RELIEF AND DAMAGES

Plaintiff prays for judgment jointly and severally against the Defendants in this case in the amount of one million five hundred thousand dollars in compensatory damages, ($1,500,000). And two hundred thousand dollars in punitive damages, attorneys fees, and costs, ($200,000).

Respectfully Submitted,

_____
Francis Schaeffer Cox, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this complaint was mailed to the Clerk of the Court for the United States District Court for the District of Colorado, via United States Postal Service on September 1st year 2018, postage prepaid.

signed _____
Francis Schaeffer Cox, Plaintiff
Reg. No. #16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

6

Francis Schaeffer Cox
16179-006
PO Box 33
Terre Haute, IN 47808

Dear Clerk of Court:                          September 1, 2018

    Please file this 6 page civil complaint, and return a conformed copy to me.

    The $400 filing fee has been paid separately. Watch for a check with the memo: "Cox vs. Dodd et al."

Thank You,

-- Francis Schaeffer Cox

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 11 2018

JEFFREY P. COLWELL
CLERK

Francis Schaeffer Cox
16179-006
PO Box 33
Terre Haute, IN 47808

16179-006
Us Dist Court Clerk
901 19TH ST
Room A 105
Denver, CO 80294-3589
United States

MAIL FROM FEDERAL
CORRECTIONAL INSTITUTION



☑ Pay $400 filing fee

