UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 23 2019
JEFFREY P. COLWELL
CLERK

| Francis Schaeffer Cox, pro se, Plaintiff vs. Dodd, et al. | Civil No.: 1:18-cv-02328 |
|---|---|

## EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Francis Schaeffer Cox (herein "plaintiff"), acting pro se, hereby moves The Honorable Court on an emergency basis for an order under Fed. R. Civ. Proc. 65 prohibiting The Federal Bureau of Prisons (herein "FBOP") and its contractors, agents, designees, and other similar entities acting at its direction or under its control (herein, collectively with the FBOP, "other actors") from unlawfully interfering with the plaintiff's court-ordered efforts to locate and serve process on the defendants in the instant case as well as to retain counsel for the instant case.

In support of this motion, the plaintiff wishes to direct, respectfully, The Honorable Court's attention to the Exhibits provided herewith, i.e. Exhibit 1 (Affidavit of Francis Schaeffer Cox), Exhibit 2 (Notification of Electronic Mail Message Rejection and excerpt from Message to Eli Clemons, dated 04/03/2019), Exhibit 3 (Affidavit of Martin S. Gottesfeld), Exhibit 4 (BP-A0288 Incident Report), Exhibit 5 (BP-8 of Martin S. Gottesfeld).

The plaintiff also wishes to direct, respectfully, The Honorable Court's attention to the well-established and well-known precedential decisions of Johnson v. Avery, 393 U.S. 483; 21 L. Ed. 2d 718; 89 S. Ct. 747 (1969), Wolff v. McDonell, 418 U.S. 539; 94 S. Ct. 2963; 41 L.Ed.2d 935 (1974), Bounds v. Smith, 430 U.S. 817; 52 L. Ed. 2d 72; 97 S. Ct. 1491 (1977), and Williams v. Lane,

851 F.2d 867 (7th Cir. 1988). The plaintiff also notes 28 CFR § 543.12.

In Bounds, The Supreme Court noted (at 871), "Federal courts, while most reluctant to interfere with the internal administration of state prisons, nevertheless will intervene to remedy unjustified violations of those rights retained by prisoners, especially when faced with inadequate compliance by prison officials with prior court orders." Meanwhile, the other actors specifically and explicitly found it "Worth noting... The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date." (Emphasis added.)

Further, since the other actors do not provide any assistance to inmates such as the plaintiff in properly filling out USM-285 forms, clearly-established precedent precludes them from interfering with Mr. Gottesfeld's lawful efforts to help the plaintiff do so. Indeed, even outside of the clear 6th Amendment context provided in the circumstances of the instant case, such prohibitions as the other actors are now trying to enforce would clearly fail the test of Turner v. Safely as well.

Since the plaintiff is on an immovable deadline to complete service on the defendants, the plaintiff brings this motion on an emergency and ex-parte basis.

In order to prevail in a motion for relief under Fed. R. Civ. P. 65, the plaintiff recognizes that he must establish that he will suffer irreperable harm if such relief is not granted and that he is likely to prevail on the merits. Due to the emergency nature of this motion, the plaintiff is not able to thoroughly

review the applicable case law. However, he notes that federal courts uniformly find deprivations of Constitutional rights, such as the right to access to the courts and the right to counsel, to constitute irreperable harm under Fed. R. Civ. P. 65. Here the Constitutional ramifications upon the plaintiff should The Honorable Court deny him relief are irrefutable.

The plaintiff also believes that Defendant Dodd's motion for summary judgment is meritless as Defendant Dodd was never granted lawful permission to direct funds to the plaintiff's estranged wife. In fact, Defendant Dodd's admission as to where the money went only inculcates him further. Moreover, the tribunal has heard nothing from the unserved defendants, whose apparent efforts to remain hidden speak to the plaintiff's inevitable and just victory in the instant case against them.

Should The Honorable Court feel that the plaintiff has failed to meet any evidentiary burden required for it to issue the order he is requesting, then the plaintiff wishes to request, respectfully, an evidentiary hearing as soon as possible whereat he can call Mr. Richard Blythe and FCI Terre Haute Warden J.R. Bell as witnesses, as well as Mr. Gottesfeld.

Litigation is a basic and well-protected remedy. Obstruction is not tolerated in the criminal context because truth matters. Cox already suffers the hardship of being one of approximately 65 inmates selected out of roughly a quarter million to be housed in the atypical censorship units designed to quell political dissent. However flagrant, these units operate in contempt of the Constitution with their arbitrary and capricious policies. Yet, that is a political question beyond the scope of the claim made

infra. The claim herein is narrow and the remedy can likewise be narrowly tailored as to keep The Honorable Court out of that unwanted zone of judicial interference with prison officials.

The Honorable Court has its own domain and access thereto must be jealously guarded. The plaintiff merely seeks to have his access to the courts and his judicial remedies go unmolested by executive fiat.

It is well-known that a complaint initiates litigation and that it must identify parties and state a claim upon which relief can be granted. How meaningless are these initial steps if uneducated prison officials can prevent the plaintiff from tapping the necessary resources to discover contact information for defendants who are dodging service? Under such circumstances, absent relief, defendants dodge, prison officials obstruct, litigation gets dismissed for lack of service, filing fees are forfeited, PLRA strikes are possible, and statutes of limitations expire while the plaintiff languishes in this no-man's land of censorship and sequestered isolation.

The plaintiff has no other remedy at law or administratively. Neither should he have ever been subjected to this kind of harassment because the law is so very well settled in this area that no executive employee could plausibly claim ignorance. Their duties and obligations of employment clearly and irrefutably do not reach into the litigation rights of one in custody. They cannot venture into this obstruction without it being an undeniable trespass. Damages are irreparable and urgent as a matter of time. They cannot be mitigated absent speedy and decisive action by The Honorable Court. Delay in this case, is

the same as no remedy at all. Time is of the essence. As, The U.S. Supreme Court has upheld, "Justice delayed" is "justice denied." (Steel Co. v. Citizens For Better Env., 523 U.S. 83, 112 (1998).

    Respectfully mailed on Friday, April 26th, 2019,

_____
Francis Schaeffer Cox, pro se
Reg. No.: 16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

    The plaintiff requests the application of the prison-mailbox rule to this filing, pursuant to Houston v. Lack, 487 U.S. 266 (1988).

## CERTIFICATE OF SERVICE

I, Francis Schaeffer Cox, hereby certify that on Friday, April 26th, 2019, I have caused a copy of the foregoing emergency ex-parte motion to be served upon the government by way of its pre-screening of all of my mail to any and all Honorable Courts in the land.

USPS TRACKING # & CUSTOMER RECEIPT   **9114 9023 0722 4072 3902 85**
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

Signed,

Francis Schaeffer Cox, pro se

Affidavit of Francis Schaeffer Cox

I, Francis Schaeffer Cox, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 26th day of April, 2019:

1. My name is Francis Schaeffer Cox and my federal registration number is 16179-006.

2. I am in inmate in the communications management unit, or "CMU," of the Federal Correctional Institution (FCI) Terre Haute, Indiana.

3. I have read the 28-paragraph affidavit prepared and executed under penalty of perjury by Mr. Martin S. Gottesfeld, federal registration number 12982-104, and I hereby also affirm under penalty of perjury that the aforementioned affidavit of Mr. Gottesfeld is true and accurate to the best of my knowledge, information, and belief on this 26th day of April, 2019.

4. The Incident Report referenced by Mr. Gottesfeld in his affidavit is merely the latest in a long line of attempts by the Federal Bureau of Prisons to interfere with my ability to pursue my pending civil case in The Honorable U.S. District Court for The District of Colorado as well as rectification of the underlying matter.

5. For instance, and by way of demonstration and not limitation, at 7:13 A.M. on Wednesday, April 3rd, 2019, I sent an electronic message to Eli Clemons, stating, "Ask Ammon Bundy for the name and contact info of a good attorney in Colorado. I think he knows one. Maybe his name is Morgan Philpot, if I remember. Ask him if he wants to help me sue the guy (who is an informant) who stole my defense fund. Point him to the 2328 case on PACER."

6. The next day, the aforementioned electronic message to Eli Clemons was blocked by the government.

7. Further, while the events in controversy in my pending case in The District of Colorado were developing, I was emphatically threatened with retaliation by the intelligence research specialist, Ms. Kathy Hill, if I were to take action(s) to remove Mr. Dodd from his role as the administrator of my legal defense fund and to replace him with Ms. Angela Clemons.

8. Ms. Kathy Hill worked at the communications management unit in Marion, Illinois at the time referenced above.

Signed under penalty of perjury,

_[signature]_
Francis Schaeffer Cox, Reg. No.: 16179-006

**COX, Francis**
**16179-006**
**FCI-D04-045L**
Page 1

## Notification of Electronic Mail Message Rejection

On April 3, 2019, you authored an Electronic Mail messages to eliclem0607@gmail.com. Please be advised in accordance with P.S. 4500.12, Trust Fund/ Deposit Fund Manual, your email has been rejected. It was determined in your email correspondence you directed the above referenced recipient to provide comments and questions intended to be relayed to a third party. Third party communication are a violation of Bureau of Prisons Rules and Regulation and can be detrimental to the safe and good order of the institution.

Date 04/04/2019

_____
J.R.Bell, FCI Warden

4-10-19 6:30 PM
Rejected by CTU

TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

----------------------------------------------------------------------

FROM: 16179006
TO: Clemons, Eli
SUBJECT: RE: RE: 3-20-19 Call
DATE: 04/03/2019 07:13:36 AM

I do have my calls set up this week. Tuesday and Wednesday at 6:30 pm Eastern, as usual.

Ask Ammon Bundy for the name and contact info of a good attorney in Colorado. I think he knows one. Maybe his name is Morgan Philpot, if I remember. Ask him if he wants to help me sue the guy (who is an informant) who stole my defense fund. Point him to the 2328 case on PACER.

--Schaeffer
-----Clemons, Eli on 4/2/2019 1:31 PM wrote:

>

I'll see about this guy, Wes.

Do you have your calls set up this week?

FRANCIS SCHAEFFE COX on 4/1/2019 1:52:31 PM wrote
Yah, I think Roger Roots is gone for good. We need someone new who has civil trial experience.

Can you check into attorney Wes Hoyt and see if he wants to help?

--Sc
-----Clemons, Eli on 3/29/2019 10:41 AM wrote:

>

He tags Kelli and Gavin in his posts so they seem to speak regularly. Just sayin. It could be nothing.

FRANCIS SCHAEFFE COX on 3/28/2019 11:07:07 AM wrote
I got zero response from Roger on this. I haven't heard from him since our call. :-/
-----Clemons, Eli on 3/27/2019 1:31 PM wrote:

>

Got this

FRANCIS SCHAEFFE COX on 3/26/2019 8:36:00 AM wrote
That was a lot of information for a 15 minute call. It was not a social call. It was a get-to-the-point tactical legal battle call.

I have not said anything to Roger about not wanting ▓▓▓ involved in my case. I guess I should.

--Schaeffer
-----Clemons, Eli on 3/22/2019 2:35 PM wrote:

>

Thats alot for a 15 min call.

Roger talks to ▓▓▓ and ▓▓▓ often. Do you know that he keeps things away from them? They do not need to know all that you are working on. And they definitely do not need to know about a potential movie right now.

FRANCIS SCHAEFFE COX on 3/21/2019 9:07:10 AM wrote
Dear Roger and Eli,

Here are the notes from my phone call with Roger on 3-20-19:

Affidavit of Martin S. Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 26th day of April, 2019:

1. My name is Martin S. Gottesfeld and my federal registration number is 12982-104.

2. I am an inmate in the communications management unit, or "CMU," of the Federal Correctional Institution (FCI) Terre Haute, Indiana.

3. The Federal Bureau of Prisons (FBOP) provides no assistance to inmates who need to fill out USM-285 forms for service of process, such as Mr. Francis Schaeffer Cox. Nor does the FBOP help inmates locate defendants on whom they are attempting to serve process.

4. In order to properly fill out a USM-285 form, the litigant must ascertain the address where the given other party can be located in order to have process served upon that other party.

5. On or about Thursday, April 18th, 2019, plaintiff Francis Schaeffer Cox, who is a fellow inmate here in the CMU at FCI Terre Haute, told me that he was having great difficulty locating defendants in order to complete service of process on them for his pending civil case in The Honorable U.S. District Court for Colorado and that he was rapidly running out of time to do so.

6. The Federal Bureau of Prisons knows that I am a journalist and that my team and I have specific experience locating people who have gone to ground.

7. I have published dozens of articles as a contributor to HuffPost, many if not most of which were featured prominently on its front page. HuffPost is one of the most-read political publications in the country and its website is ranked in the top-100 most-viewed nationwide.

8. I have published dozens of articles at RedState.com, many of which were featured prominently on its front page. RedState.com is a widely-read national political publication.

9. InfoWars has prominently featured dozens of my articles from FreeMartyG.com on its front page. InfoWars is one of the most-read political publications in the country and its website is ranked in the top-1000 most-viewed nationwide.

10. Recently I became a reporter for The Intercept. The Intercept is one of the most-influential political publications in the nation.

11. The Western Journal and WND.com each occasionally publish my writing. The Western Journal is one of the 4-most-viewed conservative publications online and its website is ranked in the top-300 most-viewed nationwide. WND.com is also one of the largest and most-read political publications in the country and its website is ranked in the top-1000 most-viewed nationwide. Parts of my story have also appeared at Rolling Stone, Newsweek,

The National Review, and on television in over 100 countries.

12. It is known to the FBOP that I am interested in covering Mr. Cox's case in The Honorable U.S. District Court for The District of Colorado as well as the recent murder of CMU inmate Robert David Neal for major national news outlets such as the above. MSG 2019-04-26

13. I sent an electronic message to my wife, Mrs. Dana E. Gottesfeld, at 8:40 A.M. on Friday, April 19th, 2019, asking her to use her experience and skills as a fellow journalist to locate the missing defendants in Mr. Cox's case in The District of Colorado, knowing at the time that the FCI Terre Haute CMU provides no legal assistance to inmates either to obtain the necessary information nor to complete a USM-285 form properly, while also believing in good faith that Mr. Cox has the right to seek assistance in doing such from his fellow inmates, including from me, and believing as well that I and others are allowed to assist Mr. Cox since the FBOP would not.

14. On Wednesday, April 24th, 2019, I filed an administrative remedy (BP-8) with FCI Terre Haute, contesting my placement in the CMU, by stating, "I was not given any hearing before I was placed in a CMU and my current offenses of conviction and offense conduct do not indicate a substantial likelihood that I will 'encourage, coordinate, facilitate, or otherwise act in furtherance of illegal activity through communication with persons in the community,' especially in light of the simple fact that in my 3 years in custody prior to arriving at the CMU I had never once been adjudicated guilty of a single inmate disciplinary charge and I was never placed on restricted correspondence or communications in any way prior."

15. On Thursday, April 25th, 2019--the day following the filing of the aforementioned BP-8, some 6 days following the aforementioned electronic message to my wife, and not until immediately after Mr. Cox's hearing that day before The Honorable U.S. District Court for The District of Colorado, i.e when it was too late to inform The Honorable Court in real time, as well as directly before Mr. Cox's story was featured on an InfoWars program--I was served an "incident report" (BP-A0288), or a prison disciplinary charge, for my attempt to help Mr. Cox find the aforementioned civil defendants.

16. The incident report is unnumbered, but date and time stamped, "April 19, 2018" and "8:40 am est."

17. The incident report states, "On April 19, at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?[sic]" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, 'I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on

them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know.' Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies. Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date."

18. The aforementioned electronic message to my wife does not appear in my "Rejected messages" list at this time, as one would expect if that message had been rejected in the normal course.

19. Generally, Incident Reports must be delivered to inmates who are being charged with disciplinary infractions within 24 hours of the relevant incident. The aforementioned Incident Report was dated "April 19, 2018" under "Date of Incident:" but was not signed by the "Reporting Employee" until "April 22, 2019 2:00 pm est" and not delivered to me until roughly 12:28 P.M. on April 25th.

20. Many inmates inform me that the current Discipline Hearing Officer for the FCI Terre Haute CMU, a Mr. Bradley, routinely ignores the Constitution, federal statutes, and FBOP regulations to rule against inmates no matter what. This means that once charged, inmates suffer brutal and barbaric sanctions as a mere result of being charged, and that even if later exonerated, it is too late to avoid unconscienable suffering. Basically, even when people like the aforementioned report's author, a Mr. R. Blythe, eventually "lose," it doesn't really matter because they have already succeeded in having the inmate punished and could clearly do so in the exact same manner again.

21. The FCI Terre Haute CMU has its own special housing unit, which is separate and distinct from the special housing units used to punish inmates elsewhere in the institution.

22. The administration of the Terre Haute CMU are well aware and deliberately indifferent to the fact that the FCI Terre Haute special housing unit (SHU) is brutally hot due to a steam pipe which runs directly underneath it and that inmates in a neighboring section heated by the same steam pipe can and do cook food simply by placing it on the floor.

23. The drinking water in the Terre Haute CMU SHU is known

to cause convulsive vomiting and diarrhea.

24. Inmates in the FCI Terre Haute CMU SHU are routinely denied access to their legal work despite imminent court deadlines.

25. Inmates in the FCI Terre Haute CMU SHU are routinely deprived of sleep due to constant loud noise.

26. The aforementioned conditions of confinement in the FCI Terre Haute CMU SHU are, far more likely than not, both by design and well known to the author of the aforementioned Incident Report, i.e. Mr. Richard Blythe, as well as Discipline Hearing Officer (DHO) Bradley.

27. I did not seek, nor was I offered, anything of value in exchange for helping Mr. Cox obtain the information required to properly fill out his USM-285 forms for his pending case in The District of Colorado, and I am not accused of seeking nor accepting anything of value for so doing.

28. The aforementioned electronic message to my wife asking for her assistance in completing the service of process on the absent defendants was likely never actually allowed out to her and therefore, it is far more likely than not that her help is yet to be engaged in order to fulfill the court's lawful order.

Signed under penalty of perjury,

_____
Martin S. Gottesfeld, Reg. No.: 12982-104

BP-A0288
JAN 17
**U.S. DEPARTMENT OF JUSTICE**

# INCIDENT REPORT

**FEDERAL BUREAU OF PRISONS**

## Part I - Incident Report

| | | | |
|---|---|---|---|
| 1. Institution: THA CMU | | Incident Report Number: | |
| 2. Inmate's Name: GOTTESFELD, Martin | 3. Register Number: 12982-104 | 4. Date of Incident: April 19, 2018 | 5. Time: 8:40 am est |
| 6. Place of Incident: D Unit | 7. Assignment: Unassigned/Institution A&O | | 8. Unit: D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity circumventing mail monitoring procedures... | | 10. Prohibited Act Code(s) 296 | |

11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. Staff became aware of incident):

On April 19, 2019 at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| | | |
|---|---|---|
| 12. Typed Name/Signature of Reporting Employee: R. Blythe | | 13. Date And Time: April 22, 2019 2:00 pm est |
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): RJesh, CF | 15. Date Incident Report Delivered: 4-25-19 | 16. Time Incident Report Delivered: 12:28 p.m. |

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

_____
_____
_____
_____

| 18. A. It is the finding of the committee that you: | B. ___ The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|
| ___ Committed the Prohibited Act as charged. ___ Did not Commit a Prohibited Act. ___ Committed Prohibited Act Code(s). _____ _____ | C. ___ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

_____
_____
_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

_____
_____

Attachment 1

# FCC Terre Haute

## Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: April 24th, 2019 |

| Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor. |
|---|
| Section 1a: Briefly state your specific single complaint: I was not given any hearing before I was placed in a CMU and my current offenses of conviction and offense conduct do not indicate a substantial likelihood that I will "encourage, coordinate, facilitate, or otherwise act in furtherance of illegal activity, through communication with persons in the community," especially in light of the simple fact that in my 3 years in custody prior to arriving at the CMU I had never once been adjudicated guilty of a single inmate disciplinary charge and I was never placed on restricted correspondence or communications in any way prior. |
| Section 1b: Briefly state the resolution you request: I wish to be moved to a facility commensurate with my status as a non-violent first-time offender who is 35 years old with a high-school diploma, located within 500 miles of my wife and with contact visits. |
| Inmate Signature: |
| Counselor Printed Name/Signature: |

### Section 2: Department Assigned

| Date Assigned: | | Date Due: | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | Food Service | ☐ | Unit Mgmt | ☐ | Unicor | ☐ | Education |
| ☐ | Psychology | ☐ | Medical | ☐ | Chaplain | ☐ | Recreation |
| ☐ | Trust Fund | ☐ | Custody | ☐ | Facilities | ☐ | Safety |
| ☐ | ISM/Mailroom | ☐ | Admin. | ☐ | SIS | | |

### Section 3: Department Head Response

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: |

### Section 4: Tracking

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 4-19-19 | | | | | |
| Time | 1415 | | | | | |
| Staff | R. Eisele | | | | | |