FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 07 2019
JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF COURT

| Francis Schaeffer Cox, pro se, Plaintiff vs. Dodd, et al. | Case No.: 1:18-cv-02328 |
|---|---|

## SECOND SUPPLEMENTAL EX-PARTE MOTION FOR A DECLARATORY JUDGMENT

Plaintiff Francis Schaeffer Cox (herein "plaintiff"), acting pro se, hereby supplements his previous EX-PARTE MOTION FOR A DECLARATORY JUDGMENT (D.E. 48) and his as-yet-undocketed SUPPLEMENTAL EX-PARTE MOTION FOR A DECLARATORY JUDGMENT (mailed in accordance with Houston v. Lack, 487 U.S. 266 (1988) on Monday, April 29th, 2019). In support hereof, the plaintiff wishes to direct, respectfully, The Honorable Court's attention to the following, included herewith:

* Exhibit 1: Post-Hoc Modified Incident Report, changes dated 4/29/19 (see field 17, i.e. "17. Comments of Inmate to Committee Regarding Above Incident:" showing that Mr. Gottesfeld advised the unit disciplinary committee (UDC), explicitly, in the UDC's own words, "the report is still untimely--see written statement. and unconstitutional..." (emphasis added)) (1 page)

* Exhibit 2: SENSITIVE BP-9/STAFF MISCONDUCT, submitted by Mr. Martin S. Gottesfeld on or about May 1st, 2019, citing numerous Supeme Court cases, and explicitly stating, "FBOP staff are retaliating against me for Constitutionally-protected and court-ordered help I am providing to another inmate to fill out USM-285 legal forms in pursuit of his case in The District of Colorado (18-cv-02328) despite 28 CFR §543.11(f)(1)..." (1 page)

* Exhibit 3: SENSITIVE BP-10/STAFF MISCONDUCT, mailed to the FBOP's North Central Region on or about May 3rd, 2019, and quoting FBOP disciplinary hearing officer (DHO) Jason Bradley, saying, "I don't care about your case law," and mentioning the pending motions for a temporary restraining order

and declaratory judgment in the instant case (1 page)

\* Exhibit 4: 89-paragraph affidavit of Martin S. Gottesfeld, dated May 4th, 2019, delineating various efforts to advise FBOP personnel, including the FCI Terre Haute legal department, communications management unit (CMU) unit (CMU) unit team, and Jason Bradley, the FCI Terre Haute disciplinary hearing officer (DHO) all of the Constitutional ramifications of their actions interfering in the litigation of the instant case, as well as other Due Process issues, mailed to the FBOP with Exhibit 3 (8 pages)

\* Exhibit 5: Letter from Martin S. Gottesfeld to correctional officer (CO) S. Harvey, which was later hand-delivered by CO Harvey to the FCI Terre Haute legal department (see Exh. 4 ¶ 47), also delineating Constitutional issues and noting the pending motions in the instant case in and in The Honorable Southern District of New York, also mailed to the FBOP with Exhibit 3 (2 pages)

\* Exhibit 6: Draft of disciplinary hearing statement by Martin S. Gottesfeld, delineating Constitutional issues and U.S. Supreme Court case law, copies included with Exhibit 2 (hand-delivered to the FBOP by Mr. Gottesfeld), Exhibit 3 (mailed to the FBOP's North Central Regional office by Mr. Gottesfeld), and Exhibit 5 (hand-delivered to the FCI Terre Haute legal department by CO S. Harvey) (2 pages)

\* Exhibit 7: Final version of disciplinary hearing statement by Martin S. Gottesfeld, expanding on the issues mentioned in Exhibit 5, hand-delivered to FBOP Disciplinary Hearing Officer Jason Bradley by Mr. Gottesfeld (see Exhibit 4 ¶68), and a copy included with Exhibit 3 (mailed to the FBOP's North Central Regional office by Mr. Gottesfeld) (3 pages)

\* Exhibit 8: Printed copy of 28 CFR §543, specifically showing 28 CFR §543.11(f)(1), hand-delivered to FBOP Disciplinary Hearing Officer Jason Bradley by Mr. Gottesfeld (see Exhibit 4 ¶68) and a copy included with Exhibit

3 (mailed by Mr. Gottesfeld to the FBOP's North Central Regional office) (5 pages)

* Exhibit 9: Printed copy of sections of FBOP Program Statement 1315.07, i.e. "Legal Activities, Inmate," implimenting 28 CFR §§ 543.10 and 543.11, specifically showing the implimentation of 28 CFR §543.11(f)(1), authorizing Mr. Gottesfeld's conduct, hand-delivered to FBOP Disciplinary Hearing Officer Jason Bradley by Mr. Gottesfeld (see Exhibit 4 ¶68) and mailed to the FBOP's North Central Regional office with Exhibit 3 (4 pages)

* Exhibit 10: Printed copy of sections of FBOP Program Statement 5214.02, i.e. "Communications Management Units," showing "(10) Legal Activities," explicitly implimenting 28 CFR §543 and FBOP Program Statement 1315.07 (see Exhibit 9 supra), therefore authorizing Mr. Gottesfeld's conduct, hand-delivered to FBOP Disciplinary Hearing Officer Jason Bradley by Mr. Gottesfeld (see Exhibit 4 ¶68) and mailed to the FBOP's North Central Regional office with Exhibit 3 (3 pages)

* Exhibit 11: Printed copy of sections of FBOP Program Statement 7740.02, i.e. "Oversight of Private Secure Correctional Facilities," indicating that private contractors, as the plaintiff and others understand Mr. Richard Blythe to be, are supposed to use BP-A0583 forms instead of the BP-A0288 form which Mr. Blythe used against Mr. Gottesfeld, hand-delivered to FBOP Disciplinary Hearing Officer (DHO) Jason Bradley by Mr. Gottesfeld (see Exhibit 4 ¶68) and mailed to the FBOP's North Central Regional office with Exhibit 3 (3 pages)

* Exhibit 12: Letter from Mr. Gottesfeld to the Office of the Inspector General for the U.S. Department of Justice, which was accompanied by Exhibit 3 through Exhibit 11 (inclusive), and which was qualitatively reviewed by the same personnel who wrote the Incident Report in controversy (thereby ensuring their awareness of the Constitutional issues) and eventually rejected by the same prior to being allowed into the mail based on the unconstitutional and

rescinded former FBOP "byline restriction," even after it was struck down by The Honorable U.S. District Court for The District of Colorado (see <u>Jordan v. Pugh, 504 F.Supp.2d 1109 (D. Colo. 2007)</u> and <u>McGowan v. U.S., 825 F.3d 118 (2d Cir. 2016)</u> (1 page)

    ✶ <u>Exhibit 13</u>: Affidavit of Donald Reynolds regarding Due Process and policy violations by FBOP Disciplinary Hearing Officer (DHO) Jason Bradley, originally included with <u>Exhibit 3</u> (to be mailed to the FBOP's North Central Regional office by Mr. Gottesfeld) and <u>Exhibit 12</u> (to be mailed to the OIG by Mr. Gottesfeld) but removed from both mailings after qualitative review by the same personnel who wrote the incident report in question due to an alleged, but totally-undocumented and unwritten policy purportedly prohibiting CMU inmates (but not those in general population) from including affidavits signed by other inmates in their mail to the OIG and the FBOP's regional offices (1 page)

    ✶ <u>Exhibit 14</u>: Affidavit of Gabriel Rodriguez regarding Due Process and policy violations by FBOP Disciplinary Hearing Officer (DHO) Jason Bradley, originally included with <u>Exhibit 3</u> (to be mailed to the FBOP's North Central Regional office by Mr. Gottesfeld) and <u>Exhibit 12</u> (to be mailed to the OIG by Mr. Gottesfeld) but removed from both mailings after qualitative review by the same personnel who wrote the incident report in question due to an alleged, but totally-undocumented and unwritten policy purportedly prohibiting CMU inmates (but not those in general population) from including affidavits signed by other inmates in their mail to the OIG and the FBOP's regional offices (1 page)

    ✶ <u>Exhibit 15</u>: Affidavit of Christopher G. White regarding Due Process and policy violations by FBOP Disciplinary Hearing Officer (DHO) Jason Bradley, originally included with <u>Exhibit 3</u> (to be mailed to the FBOP's North Central Regional office by Mr. Gottesfeld) and <u>Exhibit 12</u> (to be mailed to the OIG by

Mr. Gottesfeld) but removed from both mailings after qualitative review by the same personnel who wrote the incident report in question due to an alleged, but totally-undocumented and unwritten policy purportedly prohibiting CMU inmates (but not those in general population) from including affidavits signed by other inmates in their mail to the OIG and the FBOP's regional offices (1 page)

* Exhibit 16: Nineteen-paragraph (19) affidavit of Martin S. Gottesfeld, dated May 9th, 2019, regarding the rejection of his mail to the OIG and the aforementioned unconstitutional and rescinded former policy (2 pages)

* Exhibit 17: BP-8 Administrative Remedy submitted by Martin S. Gottesfeld when his mail to The Honorable U.S. District Court for The Southern District of New York was unduely delayed by the FBOP, dated May 6th, 2019, and including tracking information from the United States Postal Service (4 pages)

* Exhibit 18: Letter to the Office of the United States Postmaster General by Martin S. Gottesfeld, dated May 29th, 2019, and discussing issues visible on the docket of the instant case (see D.E. 9-4 at 10) (2 pages)

The plaintiff believes that, given the above and more, it is beyond argument that nothing short of an order by The Honorable Court could correct the miscoduct of the FBOP. Indeed, by its own staff's admission, as it stands, the FBOP doesn't "care about... case law." This is a shocking statement, worthy of redress and action by The Honorable Court. However, should The Honorable Court, in its wisdom, decide that the plaintiff has failed to meet an evidentiary burden, then he requests, respectfully, an evidentiary hearing whereat he can call DHO Jason Bradley, Mr. Richard Blythe, Mr. J.R. Bell, Mr. Gottesfeld, and others as witnesses and present further documentation.

The plaintiff hereby reincorporates herein the arguments in his previous EX-PARTE MOTION FOR A DECLARATORY JUDGMENT, his previous SUPPLEMENTAL EX-PARTE

MOTION FOR A DECLARATORY JUDGMENT, his previous EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER, and all of the exhibits thereto.

Respectfully mailed on Wednesday, May 29th, 2019, in accordance with Houston v. Lack, 487 U.S. 266 (1988) using United States Postal Service Tracking Number 9114 9023 0722 4293 0870 63,

_____
Francis Schaeffer Cox, pro se
Reg. No.: 16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808