**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02328-CMA-NYW

FRANCIS SCHAEFFER COX,

    Plaintiff,

v.

TERRY DODD,
MARIA RENSEL,
BILL RENSEL, and
RICHARD NEFF,

    Defendants.

## ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

    This civil action is before the court *sua sponte* resulting from Plaintiff Francis Cox's ("Plaintiff" or "Mr. Cox") failure to appear at the June 10, 2019 status conference.

    Mr. Cox, currently incarcerated, initiated this *pro se* civil action on September 11, 2018 and paid his $400 filing fee shortly thereafter. [#1; #3]. This court then set a Status Conference for November 28, 2018. [#7]. Mr. Cox sought to have the United States Marshal's Service serve Defendants at his expense and on his behalf. [#9]. This court denied that request. [#10]. Over one month later, Mr. Cox sent a letter to the court requesting that the Clerk of the Court provide him copies of the summons to be served on the Defendants so he could facilitate the service of Defendants. [#11]. The court granted Plaintiff's request and ordered the Clerk to send Mr. Cox the Summons on November 14, 2018. [#12]. The court simultaneously vacated the November 28 Status Conference as well, recognizing that Mr. Cox was unlikely to receive his Summons and serve Defendants in time for a conference where both sides could participate. [*Id.*]. The court

reset the Status Conference to December 19, 2018. [#12]. The Clerk of the Court sent Mr. Cox a copy of the aforementioned Order to his address on the docket, and there is no indication that Mr. Cox did not receive it. [#13]. After Mr. Cox did not call in for the December 19 Status Conference at the designated time, [#14], this court issued an Order to Show Cause [#17] to show cause by this matter should not be dismissed for failure to appear and abide by court rules. Mr. Cox responded and stated that prison staff did not let him participate in the Conference. [#20]. The court accepted these representations and discharged the Order. [#21].

The court later held a Status Conference with the Parties on April 25, 2019. [#36]. After this Conference, the Parties filed numerous documents on the court's docket. *E.g.*, [#37; #38; #39; #40]. To discuss these filings and the various relief sought by the Parties, this court set a further Status Conference for June 10, 2019. [#46]. Despite more filings and motions made in the interim, Plaintiff did not appear for the June 10 conference. [#69]. This is Plaintiff's second failure to appear.

Local Rule of Civil Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The court acknowledges that Mr. Cox faces unique difficulties in litigating a matter while incarcerated and asserts in a number of his filings that the Bureau of Prisons is interfering in his ability to adjudicate this action. But there is no current suggestion on the docket that Mr. Cox cannot access the court. Indeed, the voluminous amounts of filings made by Mr. Cox suggests otherwise. In addition, the Bureau of Prisons is not a party to this action, and therefore, this court currently has no jurisdiction over it in this action.

Mr. Cox, although *pro se*, is required under the law of the United States Court of Appeals for the Tenth Circuit to adhere to court deadlines and rules just as a represented party must. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process, and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). The court is charged with securing the just and speedy resolution of the matters before it and cannot do so if the parties do not scrupulously adhere to court orders and appear at conferences.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff shall show cause, if any there be, in writing and on or before **June 21, 2019**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and for failure to obey court orders.

DATED: June 12, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge