**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02328-CMA-NYW

FRANCIS SCHAEFFER COX,

    Plaintiff,

v.

TERRY DODD,
MARIA RENSEL,
BILL RENSEL, and
RICHARD NEFF,

    Defendants.

---

## MINUTE ORDER

---

Entered by Magistrate Judge Nina Y. Wang

    Pending before the court are several motions filed by Plaintiff Francis Schaeffer Cox ("Plaintiff" or "Mr. Cox"): (1) Ex Parte Motion to Compel FBOP [the Federal Bureau of Prisons] to Mail Plaintiff's "Emergency Ex Parte Motion for Temporary Restraining Order" ("the Motion to Compel") [#43, filed May 20, 2019]; (2) Motion to Unredact FBI Documents and for Other Appropriate Relief ("Motion to Unredact") [#49, filed May 24, 2019]; (3) Ex-Parte Motion for Writ of Habeas Corpus ad Testificandum ("Habeas Motion") [#64, filed June 7, 2019]; (4) Second Supplemental Ex-Parte Motion for a Declaratory Judgment [#66, filed June 7, 2091]. The Motions were referred to this court by the Order Referring Case dated December 20, 2018 [#16] and the Memoranda dated May 22 [#45], May 27 [#50], and June 7, 2019 [#67; #68]. The relief sought by these motions is directed to non-parties, and as a result, no responses have been filed. Nevertheless, this court finds it prudent to proceed in the interests of expediency and clarifying the proper scope of the present case. D.C.COLO.LCivR 7.1(d).

    In the Motion to Compel, Plaintiff seeks an order of the court to compel the Bureau of Prisons to "produce [a motion] for [the court]." [#43 at 1]. Mr. Cox believes that the Bureau of Prisons has been interfering with his legal mail, preventing him from filing his "Emergency Ex Parte Motion for Temporary Restraining Order" with the court. [*Id.*]. This does not appear to be the case as the court has received the Motion and it may be found at docket entry #47. Therefore, Mr. Cox has already been provided the relief requested in the Motion. The Motion to Compel [#43] is therefore **DENIED AS MOOT**.

Also before the court, although not styled as a motion, is the "Statement on Behalf of the Plaintiff" filed by non-party and non-attorney Elizabeth A. Sarver. [#44]. The Statement concerns Plaintiff's Motion for a Temporary Restraining Order [#47] and attempts to provide exhibits and argument on that Motion. Ms. Sarver is neither a party nor an attorney, and she accordingly cannot participate in this action or make filings on behalf of another party. *See Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Leal v. Diaz*, No. 17-CV-00946-PAB-SKC, 2019 WL 2060852, at *2 (D. Colo. May 9, 2019) (holding that a non-attorney may not represent a litigant in an action). In addition, much of the Statement concerns events and parties not relevant to the present proceedings or claims, i.e., Mr. Gottesfeld. Mr. Gottesfeld is not a party to this case and does not appear to be referenced in any way in the Complaint. As pleaded, the activities of Mr. Gottesfeld and the Bureau of Prisons are not relevant to the allegations in the Complaint. For these reasons, the court **STRIKES** the Statement [#44] filed by Ms. Sarver.

The Motion to Unredact [#49] seeks to have this court order that certain attached documents produced by the Federal Bureau of Investigation be unredacted and provided to Plaintiff to assist his theory of the case that the defendants in the present matter are "pawns" or "informants/saboteurs" of the Department of Justice. [*Id.* at 1, 5]. The Motion also seeks appointment of counsel, an order to the FBOP to stop interfering with Mr. Cox's participation in the case, and any other relief the court sees fit.

As an initial matter, the court denies the request for appointment of counsel as Mr. Cox has proven himself to be an active and capable litigant in this case. The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Here, the court finds that Mr. Cox, even though incarcerated, has a demonstrated ability to present his claims in a clear and timely manner and the appointment of counsel is not required for a fair adjudication of this matter on the merits.

As to the request to unredact the materials from the FBI, the court finds that it has no authority to order the requested relief. First, the FBI is a non-party to this action, and accordingly, this court exercises no jurisdiction over it here. To the extent these materials have been released to Plaintiff as discovery in a separate matter (as suggested by the Bates numbering containing 17-cv-611) [#49 at 12], this court has no basis to re-adjudicate the redactions here. To the extent that Plaintiff has received these documents pursuant to the Freedom of Information Act ("FOIA"), Plaintiff must challenge the claimed exemptions in a separate civil action in the proper jurisdiction. In any event, the court finds no basis to order further production of these materials in this action. Accordingly, the Motion to Unredact is **DENIED**.

In the Habeas Motion, Mr. Cox seeks an order of the court compelling the FBOP to permit Mr. Gottesfeld to telephonically appear at the Status Conference set for 2:00 p.m. on June 10, 2019

in Courtroom A 502. The authority to issue writs of habeas corpus ad testificandum is expressly conferred by 28 U.S.C. § 2241(c)(5). Under this statute, a federal court may in its discretion issue such a writ to secure the appearance of a state or federal prisoner as a witness in federal court. *See U.S. v. Quary*, 188 F.3d 520, 4 (10th Cir. 1999) (citing 28 U.S.C. § 2241(c)(5)). But the June 10 Status Conference has already been held and neither Plaintiff nor Mr. Gottesfeld attempted to participate and as stated above, Mr. Gottesfeld is a non-party whose nexus to this case is unestablished at best. Accordingly, the Habeas Motion [#64] is **DENIED AS MOOT**.

Finally, pending before the court is what has been styled as a Second Supplemental Ex-Parte Motion for a Declaratory Judgment. [#66]. But despite the title, this is not a Motion but rather an extra set of exhibits in support of a forthcoming motion and the original Ex-Parte Motion for a Declaratory Judgment filed May 23, 2019 at docket entry #48. [#66 at1 ("Plaintiff Francis Schaeffer Cox . . . hereby supplements his previous [Motions].")]. Accordingly, the Clerk of the Court is directed to reclassify this filing as a supplement to #48 and not a separate motion.

There are several other motions pending before the court which will be addressed in a forthcoming Recommendation. The court appreciates the Parties' attempts to promptly resolve all pending disputes, but reminds the Parties that the court can only afford relief as against (1) parties who have been served and joined the case and (2) based on the three causes of action asserted in the operative Complaint. Under Rule 11 of the Federal Rules of Civil Procedure, all litigants, including those proceeding pro se, have an obligation to ensure that their arguments are supported by a proper factual and legal basis.

DATED: June 12, 2019