TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

---

FROM: 16179006
TO: Clemons, Angela
SUBJECT: RESPONSE TO DODD (part 1)
DATE: 06/11/2019 05:15:47 PM

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUN 24 2019**

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Francis Schaeffer Cox,
Plaintiff,

v.     1:18-cv-02328-CMA-NYW

Terry Dodd,
Maria Rensel,
Bill Rensel
Richard Neff,
Defendants,

---

~ COX'S RESPONSE IN OPPOSITION TO DODD'S 12(b) / RULE 56 SUMMARY JUDGMENT MOTION ~

---

Plaintiff, Francis Schaeffer Cox, opposes Defendant Dodd's motion because:

~ The facts material to the case are still disputed.

~ Summary judgment would be premature. and,

~ The complaint is sufficiently plead as a matter of law.

---

~ THE LAW ON RULE 56 SUMMARY JUDGMENT MOTIONS ~

---

The court is free to convert Dodd's Rule 12 (b) motion into a summary judgment motion. The motion is styled and argued as a summary judgment motion, and for all practical purposes is simply mislabeled as a Rule 12 motion. The accepted practice in all circuits is to treat Rule 12 (b) motions as Rule 56 motions as needed. "We see no reason why the application should not be treated as one for summary judgment under section 56 of the Rules of Civil Procedure." Boro Hall Corp v. GMC 124 F.2d 822, 823 (2nd 1942). But even if the court does convert it, the motion should still be denied. The principal reason for conversion would be so that the attachments could be considered. But the attachments Dodd provides do not comply with Fed. R. Civ. P. 56 (e)(1), and therefore can not be considered for the purpose of a ruling on a summary judgment motion. However, the attachments can and should be considered is so far as they tend to suggest that further discovery would be fruitful.

TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

---

~ FACTS MATERIAL TO THE CASE ARE DISPUTED ~

Granting summary judgment for Dodd when the material facts of the case are in dispute would be improper. See Atlantic Richfield Co. v. Farm Credit Bank 226 F.3d 1138: 1148 (10th Cir. 2000) "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c). When applying this standard, we 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' Martin v. Kansas, 190 F.3d at 1129 (citation omitted). The following are a few examples of material facts that are in dispute:

~ Dodd makes arguments for facts he has no firsthand knowledge of, he provides no sworn affidavit to support his arguments, and the documents that he did attach are uncertified and in some cases not even signed; the authenticity of which Plaintiff disputes.

~ The IRS 990 forms Dodd attached are unsigned. They list a dead person's address (3345 Sherrie St. Anchorage, AK 99504) as Alaskans For Liberty's address. They use Richard Neff's name, but attach it to Maria Rensel's old address (1676 Taroka, Fairbanks, AK 99709). And they list a CPA in Dodd's home state of Colorado. Plaintiff challenges the authenticity of these documents.

~ Whether Alaskans For Liberty (hereafter "AFL") was an actual legitimate non-profit corporation, or just a ruse used in a scam, is a material fact. There appears to be an AFL in Alaska, another one in Wyoming, and a third one in Colorado. According to the Wyoming Secretary of State, AFL has been tax delinquent since 2013, which means that -- contrary to Dodd's fast talking obfuscation on Page 2, Line 7 of his motion -- AFL was in fact defunct during the time the Defendants were claiming to be it's officers. The Colorado AFL -- if created in September 2015 -- appears to be an attempt by Dodd to retroactively cover his tracks, as it was created only after Plaintiff got suspicious and started asking questions. The Alaska AFL may at best be an unincorporated general partnership, or it could be nothing more than a ruse with a fly-by-night dba ("doing business as") local bank account.
    This looks an awful lot like a shell game for shuffling around money, intercepting checks, and hiding people's identities. Tammy Cali claims she has nothing on record indicating AFL was a 501c4, and she can't figure out who or what they are. (Ms. Cali is president of Eberle inc., the direct mail fundraising company that the Defendants fooled into sending them "Free Schaeffer Cox" checks.)
    For good reason, Plaintiff does not accept any of the Defendant's unproven and unsworn representations regarding AFL. And neither should this court. Especially not when considering a motion to dismiss.

~ After denying being an AFL "Board Member" in his 3 page March 14th, 2019 ANSWER to the complaint, Dodd now attaches to his motion an email dated November 1st, 2016, wherein he describes himself as "Chairman and Board Member of Alaskans for Liberty." These type of contradictions must be taken into account by a jury in evaluating the credibility of Dodd's other representations. And they must be taken into account by this court in evaluating whether or not there still exists a "genuine dispute as to material facts," which would necessitate a trial, and preclude summary dismissal of a sufficiently plead complaint.

~ Cox asserts -- unrebutted and under oath -- that he never gave the Defendants permission to control his funds. Yet, Dodd concedes in his pleadings that the Defendants did take control of those funds. Additionally, Cox can provide hundreds of affidavits from his donors/supporters saying that they donated to Cox, so that he could fight is legal battles; and that they have never even heard of, much less sent money to, AFL or any of the Defendants. This smells too much like a heist for the court to consider dismissal by summary judgment at this time.

~ The Defendants added no value to the fundraising efforts. They just watched as Cox and Eberle inc. did it. Cox wrote the letters soliciting donations from his supporters. Eberle inc. printed those letters in bulk, mailed them out, then received and processed the return envelopes which contained donation checks made out to "Free Schaeffer Cox," not AFL. All Dodd and his co-Defendants did was trick Eberle inc. into mailing them checks; which were made out to "Free Schaeffer Cox;" which Dodd et al were NOT entitled to; which Dodd et al still somehow managed to cash, through the fraudulent use of personal dba bank accounts with deceptively similar names such as "Free Schaeffer Cox 'PROJECT.' " (See photocopy of one such $38,000.00 check made out to "Free Schaeffer Cox" that the Defendants somehow got a hold of and cashed.)

TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

--------------------------------------------------------------------------------

This would be like if you worked at "Adventure Travel" and you went across town, opened up a personal bank account, and used a dba of "Adventure Travel Project." Then you started stealing checks from work and putting them in your own dba account across town, where they cleared because the name was close enough that the bank didn't catch on. We need to trace checks, subpoena bank records, and depose witnesses in order to more fully develop the evidence on this. Because this is what appears to have been going on with "Free Schaeffer Cox" (which is Mr. Cox) and the so-called "Free Schaeffer Cox PROJECT" (Which is the Defendants).

~ Dodd argues that the Defendants had no contract or agreement with Cox, and therefore the case should be dismissed. But if what he says is true, the next logical question is: "If there's no agreement, then what are you interlopers doing with Cox's money? How are you cashing checks made out to Free Schaeffer Cox? You guys aren't Free Schaeffer Cox. Schaeffer Cox is. Isn't taking money that isn't yours the very definition of theft?"

~ As some sort of an attempt at an affirmative defense, Dodd argues that the case should be dismissed because he and his co-Defendants didn't misuse any of the money they stole:

1) Dodd claims it was used to pay off Cox's outstanding debts. But this claim is suspect, as Cox had paid off and/or settled all outstanding debts as part of a bankruptcy in 2012. Which is before Dodd et al came on the scene.

2) Dodd claims the money was used to pay attorney Jim Leuenberger. But this claim is suspect, as Mr. Leuenberger was a ruse, who was promised but never materialized, never returned calls, ignored letters, and never rendered any services whatsoever.

3) Dodd claims the money was used to pay a Newspaper to investigate and report on Cox's case. But if this is the case, it was done without Cox's knowledge and/or over his objection.

4) Finally Dodd claims that the money was given to Cox's estranged wife. But like Dodd's other claims, this too is suspect, as it would have to have been done secretly, behind Cox's back, while refusing to answer his repeated questions about where the money went. Dodd and his co-Defendants knew that after so long in prison Cox's wife had left him, moved on with her life, and the two had not spoken for years. This is the first time Cox has herd this claim that the money was given to her. Hopefully it's false. But even If it's true, it's equally improper, as that money was intended ONLY for Cox's legal defense. It wouldn't matter if Dodd had given the money to Cox's ex-wife, or his own ex-wife, or any other ex-wife. That money had one legitimate use: Cox's legal defense. It is as if the Defendants were on an all out mission to make sure that the money went to ANYTHING BUT Cox's legal defense.
In any event, no argument about what Dodd and his co-defendants did or didn't do with the money after they stole it can overcome the fact that they stole it. The ONLY thing you should do with stolen money is give it back to whoever you stole it from.

~ When Cox started to ask questions about where the money had gone, Dodd and his co-defendants disappeared and gave him the silent treatment. They refused his calls, ignored his emails, and returned his letters. When Cox's friends, family, and supporters started asking questions, Dodd et al ran from them too. When Cox and others asked who was on the so-called "Board," Dodd and his co-defendants said it was a "secret." When Rudy Davis mentioned AFL on a You Tube, Dodd scrambled to try to get Rudy to take the video down, and insisted that Rudy never mention AFL again because AFL needed to remain secret. Contrary to his representations to this court on page 3 Line 11 of his motion, it wasn't until November 2016, when the jig was up and everyone was wise to the scam that Dodd "resigned." Most of the money was stolen in 2015. This reply to the law suit -- after aggressively avoiding service of process -- is the first Dodd has been heard from. A jury needs to consider this type of behavior when deciding whether or not to believe Dodd and his co-Defendant's claims of acting in good faith. For a court to make such a determination on a summary judgment motion would be improper.

~ In his pleadings, Dodd uses the Orwellian euphemism "advisory assistance" to describe his and his secret "Board's" attempts to coercively force Cox to throw away a colorable direct appeal of his criminal conviction, and instead try out "sovereign citizen" silver bullet nonsense that Cox does NOT believe in and is unwilling to mess with. (This issue was more fully explained in Cox's May 10th, 2019 Affidavit, which is incorporated fully herein by reference. Please read it. It was filed with the court per Houston v. Lack on 5/10/2019.) Notice that when Cox sued Dodd in Federal Court, Dodd did not come in here and file a bunch of "sovereign citizen" crazy pleadings as his defense. Apparently Dodd doesn't drink his own snake oil. This shows that Dodd knows that stuff isn't real, and more importantly it shows that when he was trying to FORCE it on Cox it was just part of Dodd's scam. A jury needs to weigh this type of behavior when evaluating Dodd's intent.

TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

----------------------------------------------------------------------------------------

FROM: 16179006
TO: Clemons, Angela
SUBJECT: RESPONSE TO DODD (part 2)
DATE: 06/05/2019 11:54:47 AM

~ PLAINTIFF CAN NOT AT THIS TIME PRESENT FACTS ESSENTIAL TO HIS OPPOSITION ~

On May 10th, 2019 per Houston v. Lack, Plaintiff Cox filed with the court 28 pages of redacted FBI documents which show that Terry Dodd in particular is not who he says he is, and that he had ill intent towards Cox from the outset.

Emails between Dodd, Cox, and others during the time period in question will prove that Dodd lied about and intentionally concealed his true identity and his true intentions in order to advance his fraud, theft, and sabotage.

These points of fact are essential to Cox's opposition.

Dodd attached to his motion an email dated October 16th, 2014. So Dodd apparently preserves emails at least that far back. These emails need to be subpoenaed. Additionally, to obtain a full record of his own emails, Cox must subpoena them from the Corrlinks email system, where they are currently archived. Witnesses must be examined to provide the proper foundation for these emails before they can be properly considered as evidence per Rule 56 (e)(1).

In any event, the May 10th, 2019 MOTION TO UNREDACT FBI DOCUMENTS and its attached 28 pages must be reviewed in unredacted form, and provided to the parties, so they can fairly litigate this motion. Anything less would run afoul of Rule 56 (f)(1).

~ THE COMPLAINT IS SUFFICIENT AS A MATTER OF LAW ~

Dodd claims that the complaint fails to adequately notify him of what he and his co-defendants did that was fraud. However, the circumstances constituting fraud are plead with particularity on the very first page of the complaint:

1. The defendants falsely promised they would hold the money and pay attorneys as Cox directed.
2. Relying on this, Cox got his supporters to donate money.
3. Then the Defendants disappeared, along with all the money.

That's as simple as one, two, three. The evidence will, of course, be more fully developed through interrogatories, admissions, document requests, depositions, etc. But the basic story line of the fraud and theft wont change.

Cox can't just write an attorney a check from prison anytime he needs to. So he agreed to let Maria Rensel write checks from his (Cox's) "Free Schaeffer Cox" defense fund to pay attorneys as he directed. Cox and Maria had that agreement, and it's memorialized in discoverable emails and recorded phone calls. Only after Maria refused Cox's instructions to pay an attorney did Cox begin to discover what had been done behind his back. To wit, he had NOT agreed to let strangers who he didn't know or trust set up a so-called "Board," whose members are kept secret from him, and who won't account for the money, and who spend it on whatever they want, while refusing Cox's instruction to pay attorneys, and instead insisting on sovereign citizen nonsense Cox does not believe in. Dodd's assertion that there were no agreements, and therefore there is no case, fails twice over: There WAS an agreement for them to do what they DID NOT DO, and there was NOT an agreement to do what they DID DO. This bait-and-switch is the heart of the fraud.

Most conspiracies are implicit rather than explicit. But in this case, the Defendants conspiracy was so overt that they chose Dodd as their "chairman" and then voted to take the money, refuse to pay attorneys, and to cease all communication with Cox once he started to catch on. This overcomes Dodd's assertion that he was not a party to any conspiracy. He was, in fact, the

TRULINCS 16179006 - COX, FRANCIS SCHAEFFE - Unit: THA-D-A

--------------------------------------------------------------------------------

ringleader.

Dodd then goes on to argue that "Plaintiff alleges civil conspiracy as well as fraud and intentional misrepresentation, which requires that there was a valid enforceable contract between himself and the Defendants he names." This is diversionary fast talk. You don't need a contract for there to be conspiracy, fraud, and intentional misrepresentations. All you need is conspiracy, fraud, and intentional misrepresentation. Because those things can stand on their own.

Finally, Dodd attacks the fact that Cox did not lay out the date and time and place of each instance of the Defendant's fraud and intentional misrepresentation. These specifics will be explored through the discovery process. But for the purpose of an initial complaint, the parties can "reasonably infer" that those acts of fraud took place after the Defendants approached Cox, but before they ran off with the money.

The specificity requirement of Rule 9 is met by the allegations in the complaint:

~ "misrepresentations to supporters that the funds would be used for Plaintiff's legal defense," page 1
~ "none of the donated funds have been delivered to Plaintiff or used for the sole purpose for which they were raised," page 1
~ "fraudulent misrepresentation of being a body of legitimate corporate individuals working on behalf of Plaintiff," page 3
~ "would tell the corporations that they were dealing with to not speak with Plaintiff," page 3
~ "Defendants misappropriated the funds, and used them for things other than what they were intended for," page 3
~ "create a fraudulent FREE SCHAEFFER COX 'PROJECT'," page 4
~ "misled the Plaintiff regarding their relative qualifications/backgrounds," page 4
~ "took possession of the funds," page 4
~ "materially withheld information related to the location and status of those funds," page 4
~ "made these false statements with full knowledge of their false nature," page 5
~ "Plaintiff took action in reliance on these statements," page 6

The complaint, as pled, gives sufficient notice to the Defendants of what they must defend against. As evidenced by the fact that Dodd is right now attempting to defend against these specific allegations. Dodd formulated fact intensive defenses, and made specific counter arguments to the complaint. So evidently the complaint did it's job. Dodd is aware of exactly what he has to try to wiggle out of.

~ CONCLUSION ~

The facts material to the case are still disputed. Summary judgment would be premature. And the complaint is sufficiently pled as a matter of law. Based on this, Dodd's motion should be DENIED.

_____ Date 6-14-19
Francis Schaeffer Cox
16179-006
PO Box 33
Terra Haute, IN 47808

USPS TRACKING # 9114 9014 9645 1828 1183 98 Court
USPS TRACKING # 9114 9014 9645 1828 1183 74 Dodd
USPS TRACKING # 9114 9014 9645 1828 1183 50 Rensels
USPS TRACKING # 9114 9014 9645 1828 1183 36 Neff
& CUSTOMER RECEIPT For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

------------------------------------- CERTIFICATE OF SERVICE ----------------------------------

I, Francis Schaeffer Cox, certify that a true and correct copy of this OPPOSITION TO DODD'S MOTION FOR SUMMARY JUDGMENT was mailed to all Defendants in this case and the Clerk of Court, US District Court for the District of Colorado, by first class mail, postage pre-paid, by the following USPS Tracking numbers:

_____ Date 6-14-19
Francis Schaeffer Cox
16179-006