UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUN 24 2019**

**JEFFREY P. COLWELL**
CLERK

| |
|---|
| Francis Schaeffer Cox, pro se, |
| Plaintiff |
| vs. |
| Dodd, et al. |

Civil No.: 18-cv-02328

## EMERGENCY RENEWED MOTION FOR A TELEPHONIC HEARING

Plaintiff Francis Schaeffer Cox (herein "plaintiff"), acting pro se, hereby renews his previous EMERGENCY MOTION FOR TELEPHONIC HEARING, mailed May 20th, 2019, via certified mail.

The plaintiff's previous motion was denied as moot at a time when a telephonic status conference had been scheduled for Monday, June 10th, 2019, at 2:00 P.M. Mountain Time. However, the plaintiff, through no fault of his own, was unable to attend the Monday, June 10th, 2019, 2:00 P.M. Mountain Time status conference due to the actions/inactions of The Federal Bureau of Prisons (herein "FBOP") (please see Exhibit 1 hereto provided herewith, i.e. 8-paragraph Affidavit of Francis Schaeffer Cox, executed on June 11th, 2019).

Due to recent events, the plaintiff also wishes to note that a longer telephonic hearing may be required than the three (3) to five (5) minutes which he first estimated in his motion mailed on May 20th, 2019. With witness testimony, as long as two (2) hours may now be necessary.

The plaintiff once again notes Ramos v. Lamm, 485 F.Supp. 122, 129-32 (D. Colo. 1979)(quoting Cruz v. Beto; 405 U.S. 319, 321-22; 92 S.Ct. 1079, 1081; 31 L.Ed.2d 263 (1972)(per curium) and Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969)). Recent events clearly show that the plaintiff's access to The Honorable Court as a Constitutional right are at issue.

The plaintiff further moves The Honorable Court to secure the telephonic testimony of Mr. Martin S. Gottesfeld, who is a federal inmate in the communications management unit (CMU) at the Federal Correctional Institution

in Terre Haute, Indiana. Mr. Gottesfeld's federal registration number is
12982-104. The plaintiff believes that the testimony of Mr. Gottesfeld, who
witnessed many relevant events outside of the presence of the plaintiff, will
be vital to adjudicating the relevant court-access issues on the merits
(please see Exhibit 2 hereto provided herewith, i.e. Affidavit of Francis
Schaeffer Cox, executed on June 13th, 2019). The plaintiff further notes
Hawkins v. Maynard, No. 95-6301, 1996 U.S. App. LEXIS (10th Cir. June 18,
1996)(unpublished)("In determining whether to grant the writ [of habeus corpus
ad testificandum], the court must weigh the prisoner's
need to be present against concerns of expense, security, logistics and docket
control. A similar standard applies where the testimony of incarcerated
nonparty witnesses is sought.")(internal citations omitted) (please see
Exhibit 3 hereto provided herewith) and United States v. Irving Parker, No.
96-3089, 1997 U.S. App. LEXIS 8838 (10th Cir. Apr 25, 1997)(unpublished)
(please see Exhibit 4 hereto provided herewith). For the reasons outlined in
Exhibit 2 hereto (and incorporated herein by reference), Mr. Gottesfeld's
testimony is necessary and cannot be obtained through any other means,
including by deposition, and any concerns regarding expense, security, or
logistics are so minimal as to hardly be quantifiable. Further, it is in the
interest of docket control for Mr. Gottesfeld to give testimony.

For the above-referenced reasons, the plaintiff moves The Honorable Court
to issue a writ of habeus corpus ad testificandum and/or whatever other orders
it deems just, prudent, and proper in order to secure Mr. Gottesfeld's
testimony telephonically for the requested hearing.

The plaintiff further moves The Honorable Court to facilitate the
presentation of an audio recording made by The Federal Bureau of Prisons of a
conversation between Mr. Gottesfeld and a representative of the FCI Terre
Haute legal department at approximately 10:00 A.M. Eastern Time on Thursday,

April 18th, 2019, in the main hallway of the FCI Terre Haute CMU, just outside

of the unit's law library (please see plaintiff's SECOND SUPPLEMENTAL EX-PARTE

MOTION FOR A DECLARATORY JUDGMENT, Exhibit 4 ¶¶ 30-31, mailed May 29th, 2019).

For reasons outlined in Exhibit 2 hereto and hereby incorporated herein by

reference, the plaintiff believes that this recording is vital to

demonstrating the caprice of relevant federal officials, violations of Due

Process, and fears of retaliation which are effectively blocking the plaintiff

from accessing The Court. Thus, the plaintiff moves The Honorable Court to

either secure the audio in question on its own or to allow the plaintiff to

issue a subpeona duces tecum to FCI Terre Haute in order to produce it.

Finally, the plaintiff wishes to note that he has not yet received the

text of any pending orders to show cause, and as such, this motion should not

be construed as the plaintiff's answer to any such orders.

Respectfully mailed (and filed in accordance with Houston v. Lack, 487

U.S. 266 (1988)) on  Friday, June 14th, 2019, in an envelope bearing U.S.

Postal Service tracking number 9114 9023 0722 4293 0874 69, 9114 9014 9645 1828 1183 98

6-14-19

Francis Schaeffer Cox, pro se
Reg. No.: 16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Francis Schaeffer Cox, hereby certify that on  Friday, June 14th,

2019, I mailed copies of the foregoing document to the defendants in the

abovecaptioned case.

6-14-19

Francis Schaeffer Cox, pro se