Exhibit 2 to Renewed Motion For Telephonic Hearing

Affidavit of Francis Schaeffer Cox:

I, Francis Schaeffer Cox, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 13th day of June, 2019, and I do so declare the following pursuant to 28 U.S.C. §1746 (see Price v. Philpot, 420 F.3d 1158, 1165-66 n. 6 (10th Cir. 2005)):

1. My name is Francis Schaeffer Cox and I am an inmate in the communications management unit (CMU) of the Federal Correctional Institution (FCI) Terre Haute, Indiana.

2. My federal registration number is 16179-006.

3. Mr. Martin S. Gottesfeld, Reg. No.: 12982-104, is an inmate in the same FCI Terre Haute CMU who has witnessed many events relevant to the issues I have been experiencing which have prevented me from accessing The Honorable U.S. District Court for The District of Colorado, and many of these events have occurred outside of my presence, including Mr. Gottesfeld's UDC and DHO hearings for FBOP Incident Report BP-A0288 number 3249328, as well as his conversations with his staff representative.

4. Having been housed at a myriad of other facilities prior to his arrival at the FCI Terre Haute CMU, including FDC Miami, FTC Oklahoma City, MDC Brooklyn, The Donald W. Wyatt Detention Facility in Rhode Island, MCC New York, and The Plymouth County Correctional Facility, Mr. Gottesfeld is in a rare (and of the people to whom I have access, a unique) position to testify regarding the distinctive issues myself and other FCI Terre Haute CMU inmates face in accessing the courts and in representing ourselves pro se as compared to inmates elsewhere in federal custody, whether they be in FBOP facilities, private detention centers, or state-run county jails.

5. Mr. Gottesfeld has witnessed and experienced firsthand the difficulty I have experienced trying to litigate case number 18-cv-02328 in The District of Colorado and suffered reprisal as a result of his attempts to help me to litigate that case.

6. Mr. Gottesfeld's testimony is therefore necessary for me to present the issues I have been experiencing with access to the courts.

7. I am unable to obtain Mr. Gottesfeld's testimony through any other means, as my own access to lawyers is being unlawfully restricted, and thus having an attorney come to FCI Terre Haute with a stenographer to take a deposition from Mr. Gottesfeld is impossible.

8. Mr. Gottesfeld could testify via the telephone, and therefore his testimony would present only the most minimal concerns of expense, security, and logistics--no more than is required for me to attend a hearing via the telephone myself. He would not even have to leave the CMU.

9. Mr. Gottesfeld's testimony is in the interest of docket control as it would make many further filings unnecessary.

10. The conversation Mr. Gottesfeld had at approximately 10:00 A.M. Eastern Time on Thursday, April 18th, 2019, with a representative of the FCI Terre Haute legal department is vital to demonstrating the caprice of relevant federal officials, violations of Due Process, and fears of retaliation which are effectively blocking my access to the court because in that conversation, the FCI Terre Haute legal department admitted that there is no written set of communications rules and that it enforces previously-unknown rules on an ex post facto basis. I know of no other time when such a stark admission was

made nor of any other similar evidence showing such conduct.

11. Only Mr. Gottesfeld can testify to his efforts to have the aforementioned conversation between himself and the FCI Terre Haute legal department preserved for the record, as well as to his other efforts to secure a written set of rules governing inmate correspondence, including both correspondence between CMU inmates and the courts and correspondence between CMU inmates and the public as necessary to litigate cases like case 18-cv-02328 in The District of Colorado.

12. I believe that my access to the court is material to this action and that it needs to be addressed in order to preserve Due Process, as many obstructions substantially hinder my ability to litigate pro se matters fairly in the case of 18-cv-02328 in The District of Colorado.

13. Further, it appears to me that there is evidence of cooperation between the defendants and the Federal Bureau of Prisons, acting in privity to withhold Due Process and the fair litigation of the case 18-cv-02328 in The District of Colorado.

14. I am afraid that if the court does not diligently safeguard my access to its domain, then I will never be able to fully develop or discover these relationships which are now obstructing my litigation of case 18-cv-02328.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and accurate. Executed on Thursday, June 13th, 2019.

Francis Schaeffer Cox

*[signature]* 6-13-19