UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| Francis Schaeffer Cox, pro se, |
| Plaintiff |
| vs. |
| Dodd, et al. |

Civil No.: 18-cv-02328

FILED UNITED STATES DISTRICT COURT DENVER, COLORADO JUL -2 2019 JEFFREY P. COLWELL CLERK

EMERGENCY EX-PARTE SECOND SUPPLEMENTAL MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Francis Schaeffer Cox (herein "plaintiff"), acting pro se, hereby supplements his previous EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER (mailed April 26th, 2019) and his previous EMERGENCY EX-PARTE SUPPLEMENTAL MOTION FOR A TEMPORARY RESTRAINING ORDER (mailed on June 14th, 2019).

Pursuant to Fed. R. Evid. 201(c)(2), the plaintiff hereby requests The Honorable Court to take judicial notice of Exhibit 1 provided herewith (Affidavit of Francis Schaeffer Cox, dated June 20th, 2019) in light of Ex Parte Hull, 312 U.S. 546, 549; 85 L.Ed. 1034; 1036; 61 S.Ct. 640 (1941), Cochran v. Kansas, 316 U.S. 255, 256; 86 L.Ed. 1453, 1454; 62 S.Ct. 1068 (1942), and Wolff v. McDonnell, 418 U.S. 539, 579; 41 L.Ed.2d 935, 964; 94 S.Ct. 2963 (1974).

Pursuant to Fed. R. Civ. P. 5(D) and Local R. Civ. P. 65.1(a)(1), the plaintiff has limited his service of this motion to Mr. Gottesfeld (whose motion to intervene, while withheld by prison authorities, is nonetheless pending pursuant to Houston v. Lack, 487 U.S. 266 (1988)) and the potential adverse nonparty, i.e. The United States.

The plaintiff hereby notes his assent to Mr. Gottesfeld's motion to intervene as well (please see Exhibit 1).

The plaintiff further hereby explicitly requests that The Honorable Court also take judicial notice of Exhibit 1 as it applies to his THIRD SUPPLEMENTAL EX-PARTE MOTION FOR A DECLARATORY JUDGMENT (mailed June 14th, 2019),

requesting relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.

By attempting (or even threatening) retaliation against incarcerated parties based on a preemptive discretionary content-based review of evidence they wish to submit to The Honorable Court, prison authorities have clearly overstepped their bounds and tresspassed on the sole domain of The Honorable Court. Indeed, the precedent which would be set by allowing this behavior to go unaddressed would be to undo decades of U.S. Supreme Court binding jurisprudence. Incarcerated parties must be able to submit written evidence to The Honorable Court without prison officials predetermining which evidence they will or will not be able to submit.

Further, the spectre of fear which the Federal Bureau of Prisons (FBOP) continues to build around the instant case is prejudicial to the plaintiff and to Mr. Gottesfeld as a potential intervening party. This is especially so in the current instance where the FBOP has allowed the plaintiff to mail other documents which manifestly would have been barred by the same unwritten, unpublished, supposed rule, but now, capriciously, looks to use this rule to prevent the mailing of Mr. Gottesfeld's motion to intervene and even to punish him (again) for his attempt to participate lawfully in the instant case. Previous examples of such documents which were mailed to The Honorable Court but which would also have been prohibited from such by the FBOP are included with the previous motions which follow and the plaintiff again requests that if The Honorable Court has not done so already, that it take judicial notice of those exhibits pursuant to Fed. R. Evid. 201: the plaintiff's EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER (mailed April 26th, 2019), his EMERGENCY EX-PARTE SUPPLEMENTAL MOTION FOR A TEMPORARY RESTRAINING ORDER (mailed June 14th, 2019), his EX-PARTE MOTION FOR A DECLARATORY JUDGEMENT (mailed April 26th, 2019), his SUPPLEMENTAL EX-PARTE MOTION FOR A DECLARATORY JUDGMENT (mailed April 29th, 2019), his SECOND SUPPLEMENTAL EX-PARTE MOTION

FOR A DECLARATORY JUDGMENT (mailed May 29th, 2019), his THIRD SUPPLEMENTAL EX-PARTE MOTION FOR A DECLARATORY JUDGMENT (mailed June 14th, 2019), his RESPONSE TO ORDER TO SHOW CAUSE (mailed June 14th, 2019), and his EMERGENCY RENEWED MOTION FOR A TELEPHONIC CONFERENCE (mailed June 14th, 2019).

Respectfully mailed (and filed pursuant to Houston v. Lack, 487 U.S. 266 (1988)) in an envelope bearing U.S. Postal Service tracking number: 9114 9023 0722 4293 0874 07 on June 20, 2019,

Francis Schaeffer Cox, pro se
Reg. No.: 16179-006
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

CERTIFICATE OF SERVICE

I, Francis Schaeffer Cox, pro se, hereby certify that on June 20th, 2019, I served a copy of the foregoing document in-hand to Mr. Martin S. Gottesfeld and I gave copies to Ms. Eisele and/or Ms. Wheeler, each of the Federal Bureau of Prisons, for mailing to The United States Attorney's Office for The District of Colorado and The United States Attorney's Office for The Southern District of Indiana.

Francis Schaeffer Cox, pro se

Affidavit of Francis Schaeffer Cox:

I, Francis Schaeffer Cox, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 20th day of June, 2019, and I do so declare the following pursuant to 28 U.S.C. §1746 (see Price v. Philpot, 420 F.3d 1158, 1165-66 n. 6 (10th Cir. 2005)):

1. My name is Francis Schaeffer Cox and I am an inmate in the communications management unit (CMU) of the Federal Correctional Institution (FCI) Terre Haute, Indiana.

2. My federal registration number is 16179-006.

3. On Monday, June 17th, 2019, Mr. Martin S. Gottesfeld served me in-hand with a copy of his ASSENTED-TO EX-PARTE MOTION TO INTERVENE ON A LIMITED BASIS BY MARTIN S. GOTTESFELD (FED. R. CIV. P. 24), which I had read, and to which I have indeed provided my assent, for filing in the case 18-cv-02328 (D. Colo.)

4. I executed a 3-paragraph 1-page Affidavit of Francis Schaeffer Cox, dated June 15th, 2019, memorializing my assent to Mr. Gottesfeld's forementioned motion to intervene.

5. Yesterday, June 19th, 2019, during a multi-day lockdown, Ms. Wheeler, who is the CMU's current Intelligence Research Officer (IRO), came to my cell and advised me that Mr. Gottesfeld had attempted to mail my aforementioned affidavit to The Honorable Court.

6. According to Ms. Wheeler, the Federal Bureau of Prisons will not allow Mr. Gottesfeld's motion to be mailed containing my affidavit of assent and both Mr. Gottesfeld and myself may be punished shortly for his attempt to include that evidentiary document with his motion!

7. There is no actual written rule or policy which prohibits an inmate in the Federal Bureau of Prisons (FBOP) from mailing such evidentiary documents to U.S. Courts for filing and neither is there any rule or policy which allows the FBOP to exercise preemptive content-based discretionary review of inmate filings with U.S. Courts before they are mailed.

8. Other motions mailed by me for filing in the aforementioned case in The District of Colorado have included such evidentiary affidavits executed by Mr. Gottesfeld and there was no such spectre of retaliation by the FBOP.

9. Similarly, it has come to my attention that Mr. Gottesfeld has mailed such evidentiary affidavits, executed by other inmates, for filing in his civil case in The Honorable U.S. District Court for The Southern District of New York (18-cv-10836) with no such threats of reprisal.

10. This threat of reprisal is, therefore, unique to the current instance where Mr. Gottesfeld has moved to intervene in D. Colo. 18-cv-02328 and I have assented to such.

11. I continue to be blocked from speaking to attorneys regarding the aforementioned case in The District of Colorado by actions and inactions of FBOP.

12. Motions which I have attempted to mail to The Honorable Court for filing in the aforementioned case in The District of Colorado continue to be absent from the docket and from the tracking system of The U.S. Postal Service.

13. Electronic messages regarding the aforementioned case in The District

of Colorado continue to be heavily delayed and to go missing entirely.

14. A copy of the Federal Rules of Civil Procedure which was delivered to FCI Terre Haute on June 4th, 2019, for me to use for reference in my filings in the aforementioned case in The District of Colorado, is yet to be delivered to me and I am yet to receive any explanation for the delay.

15. The typewriters here are breaking down after operating heavily for months on end without having any maintenance done on them by the facility, as one would expect would be necessary for machines with moving metal parts.

16. I feel that I am being prejudiced in my litigation of the aforementioned case in The District of Colorado by the current circumstances.

17. Some of the motions mentioned above in paragraph 8 which I attempted to mail to The Court and which are yet to appear on the docket or in the U.S. Postal Service tracking system include: PROOF OF SERVICE AS TO BILL AND MARIA RENSEL ONLY (mailed June 14, 2019), NOTICE RE: PROOF OF SERVICE AS TO DEFENDANTS BILL AND MARIA RENSEL (mailed June 6th, 2019, using tracking number 9114 9014 9645 1762 0786 59), COX'S RESPONSE IN OPPOSITION TO DODD'S 12(B)/ RULE 56 SUMMARY JUDGMENT MOTION (mailed June 14th, 2019, using tracking number 9114 9014 9645 1828 1183 98). The tracking number for the first such motion mentioned directly prior is 9114 9023 0722 4293 0874 69. It is also worth noting that there were other motions in the envelope with the tracking number ending in 1183 98, including COX'S MOTION FOR EXTENSION OF TIME TO ANSWER: "DEFENDANT TERRY DODD AND DEFENDANT RICHARD NEFF'S JOINED MOTION TO STRIKE PLAINTIFF'S PREMATURE FILINGS; REQUEST FOR ORDER OF INVOLUNTARY DISMISSAL, and MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY UNTIL THE COURT'S SCHEDULING CONFERENCE", which I still have not received a copy of Dodd and Neff's Motion.

18. I did not receive the official copy of The Court's latest ORDER TO SHOW CAUSE until June 20th, 2019, i.e. one (1) day before I was required to file an answer (such answer having already been given to prison authorities for mailing because I had thankfully received unofficial copies of the order earlier).


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and accurate. Executed on Thursday, June 20th, 2019.

Francis Schaeffer Cox     6-20-19