**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02328-CMA-NYW

FRANCIS SCHAEFFER COX,

    Plaintiff,

v.

TERRY DODD,
MARIA RENSEL,
BILL RENSEL, and
RICHARD NEFF,

    Defendants.

---

## MINUTE ORDER

---

Entered by Magistrate Judge Nina Y. Wang

    Before the court are two motions: (1) Defendants Terry Dodd and Richard Neff's ("Mr. Dodd" and "Mr. Neff" individually; collectively "Appearing Defendants") Joined Objection to [the] Validity of Plaintiff's June 18, 2019 Proof of Service ("the Objection") [#85, filed July 2, 2019]; (2) Third-Party Putative Intervenor Martin Gottesfeld ("Mr. Gottesfeld") Motion to Intervene ("the Motion to Intervene") [#92, filed July 8, 2019]. The Motions are before the undersigned Magistrate Judge under 28 U.S.C. § 636(b), the Order Referring Case dated December 20, 2018 [#16], and the Memoranda dated July 3, 2019 [#86] and July 9, 2019 [#93]. For the reasons stated in this Order, both Motions are **DENIED**.

    In the Objection, Appearing Defendants Dodd and Neff seek to quash Plaintiff Francis Schaeffer Cox's return of service on the two non-appearing defendants, Maria and Bill Rensel. [#85 at 1]. Alternatively, the Appearing Defendants seek to compel the presence of John P. Reiss, alleged to be the owner of the property where service on the Rensels was made, either by a writ of habeas corpus ad testificatum or leave to issue a subpoena. [*Id.*]. But neither of the two Appearing Defendants, Mr. Dodd and Mr. Neff, have standing to seek relief on behalf of the non-appearing Rensels. *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, No. 10-CV-02271-PAB-BNB, 2012 WL 4795680, at *1 (D. Colo. Oct. 9, 2012); *Crabtree v. Colorado*, No. 88-C-1012, 1989 WL 91119, at *3 (D. Colo. Aug. 9, 1989). Nor can the Appearing Defendants represent the interests of their co-Defendants. *See Flymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Accordingly, the Objection [#85] is **DENIED**.

    In the Motion to Intervene, third-party Martin Gottesfeld seeks leave to intervene in this matter to join Plaintiff's numerous pending motions seeking relief against the Federal Bureau of

Prisons for allegedly limiting Plaintiff's participation in this lawsuit. The court notes that Mr. Gottesfeld is already a litigant in a lawsuit in the Southern District of New York on a similar issue, *Gottesfeld v. Anderson*, 18-cv-10836 (S.D.N.Y., filed November 19, 2018). The court also notes that Mr. Gottesfeld limits his intervention to matters involving "the potential adverse nonparty" [#92 at 2], the United States. As Mr. Gottesfeld aptly notes, neither the United States nor the Bureau of Prisons, or any prison staff, are defendants to this action. The court has repeatedly cautioned Mr. Cox that such issues are not relevant to the present case. [#92 at 3 ("Gottesfeld has limited his motion to intervene to ex-parte matters")]; [#79 ("The Status Conference will only cover matters which are relevant to the action currently before this court--i.e., the allegations made in the operative complaint against the defendants named in that complaint. *Extraneous matters such as unrelated disputes with prison staff are not the subject of the instant action and the court will not consider or hear such argument at the Status Conference*." (emphasis added)]; [#71 ("Mr. Gottesfeld is not a party to this case and does not appear to be referenced in any way in the Complaint. As pleaded, the activities of Mr. Gottesfeld and the Bureau of Prisons are not relevant to the allegations in the Complaint.")]. To the extent that Mr. Cox or Mr. Gottesfeld seek to challenge actions taken by the United States, the Bureau of Prisons, or any of their agents, the appropriate course of action appears to be the filing of a separate action, not adjudication of these issues in this action. Accordingly, the Motion to Intervene [#92] is **DENIED**.

Consistent with this reasoning, this court **STRIKES** Plaintiff's Emergency Ex-Parte Motion for a Temporary Restraining Order [#47] and the Ex-Parte Motion for Declaratory Judgment [#48], referred by the Memorandum dated May 27, 2019 [#50], because they relate to conduct by nonparties and are not properly adjudicated in the context of this present action. *Allen v. Figuera*, 416 F. App'x 771, 775 (10th Cir. 2011) (holding that a magistrate judge did not abuse his discretion in *sua sponte* striking a pleading).[1]

DATED: July 12, 2019

---

[1] The court strikes, rather than denies or recommends denial, to avoid any potential preclusive effect which could prejudice Mr. Cox's or Mr. Gottesfeld's ability to seek such relief elsewhere.