FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 JUL 22 AM 10: 37

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **Plaintiff,** | ) |
| | ) Case Number: 1:18-cv-02328-NYW |
| FRANCIS SCHAEFFER COX | ) |
| v. | ) |
| | ) |
| **Defendants:** | ) |
| | ) |
| TERRY DODD; MARIA RENSEL; | ) |
| BILL RENSEL; and RICHARD NEFF | |

### DEFENDANT TERRY DODD AND DEFENDANT RICHARD NEFF'S JOINED REPLY TO PLAINTIFF'S OBJECTION AND RESPONSE TO JOINED DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PREMATURE FILINGS; REQUEST FOR ORDER OF INVOLUNTARY DISMISSAL; and MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY UNTIL THE COURT'S SCHEDULING CONFERENCE

*Pro Se* Defendant Terry Dodd, (hereinafter "Defendant Dodd"), and *Pro Se* Defendant Richard Neff's (hereinafter "Defendant Neff") hereby submit their Joined Reply to Plaintiff's Objection Response to Joined Defendants' Motion to Strike Plaintiffs Premature Filings pursuant to F.R.C.P. 12(f)(2); Request for Order of Involuntary Dismissal pursuant to F.R.C.P. 41 (b) and to enforce this Courts March 26, 2019 Order and for a Protective Order to Stay Discovery until the Court's Scheduling Conference, pursuant to F.R.C.P.26 (c)(1). In support of this Joined Reply, Defendants state as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCivR 7.1 (b)(1)

Pursuant to D.C.COLO.LCivR 7.1 (b)(1), Defendants did not confer with Plaintiff regarding the filing of this motion because Plaintiff is an unrepresented prisoner. However, it is presumed that Plaintiff would oppose the relief requested herein.

1

1. DODD HAS NOT ESDTABLISHED STANDING TO OPPOSE COX' EX PARTE PLEADINGS (See Plaintiff's Opposition filed on 7/8/2019):

In Plaintiff's Response to Defendants' Joined Motion, Plaintiff fails to address the Defendants' argument which, the Court ultimately agreed and Denied Plaintiffs' Motions for Ex Parte Testimony and other Motions regarding the FBI and the FBoP again on July 12, 2019.

"The court has repeatedly cautioned Mr. Cox that such issues are not relevant to the present case."

While Defendants are unclear as to the applicability of Plaintiffs repeated allegations that Defendant Dodd is either an FBI informant and/or that Defendant Dodd is somehow involved and in coercion with the FBoP, these completely unsubstantiated and false allegations are without merit, applicability and are otherwise inappropriate. Furthermore, pursuant to *State v. Arnett*, 338 Mo. 927, 92 S.W. 2d. 897, 900; *North American Accident Ins. Co. v. Tebbs*, C.C.A. Utah, 107 F.2d 853, 855; "not according to truth or reality"; and *Wilensky v. Goodyear Tire& Rubber Co.*, C.C.A. Mass., 67 F.2d 389, 390, "unveracious: given to deceit; dishonest. Defendant Dodd requests this Court to intervene on Plaintiff and declare these statements as false.

Defendant Dodd further requests that this Court address Plaintiff's false allegations as Libel pursuant to *Stoll v. Long Inlander Pub. Co.*, Sup., 40 N.Y.S.2d 412, 413, which provides that: "False accusations which dishonors or discredits a man in estimate of public or his friends and acquaintances or has a reasonable tendency to do so."

Defendant Dodd further requests that this Court consider other documents and statements pursuant to *Res Accendent Lumina Rebus,* which allows the Court to consider other documents Plaintiff has sent to Defendant Neff as "one thing throws light upon others"; *Ogden v. Gubbins*, 4 Johns.Ch. (N.Y.) 149. Please see attached Exhibit A, which is a document that the Plaintiff mailed

to Defendant Neff which is presented as an unredacted FBI document falsely alleging that Defendant Dodd is the subject of this FBI document. Curiously, this document was mailed to Defendant Neff shortly after the Court denied Plaintiff's Motion to Order the FBI to unredact their document produced in another action outside of the present case. While it is unclear as to Plaintiff's motive for doing so, this document, which was mailed to Defendant Neff only and not presented to the Court or to Defendant Dodd, appears to be a forgery and based upon this belief, it was reported to the FBI as a forged document on their website on June 26, 2019, with the current status of that reporting unknown. Please also see a copy of that reporting to the FBI, as Exhibit B and Notarized Affidavit of John Reiss, Lease with his tenants in May, 2019, as Exhibit C.

2. ALL DEFENDANTS IN THIS CASE HAVE BEEN SERVED THE SUMMONS AND COMPLAINT.

Though the Court Denied Defendants' Joined Objection to the Validity of this alleged service as improper, Defendants request the Court reconsider their Objection pursuant to *Res Accendent Lumina Rebus,* in that it is Plaintiff's character and trustworthiness that Defendants wish to address and not the interests of other parties such as the Rensels.

Furthermore, on March 26, 2019, this Court issued an Order compelling the Plaintiff to file Proof of Service for the Rensels giving Plaintiff through and including May 20, 2019 to file valid proof of service. Curiously missing from the many filings of Plaintiff is the Affidavit of Attempts regarding the attempts on the Rensels, that the U.S. Marshalls Office would have forwarded to the Plaintiff as a matter of usual business. Additionally, Plaintiff was given through and including May 20, 2019, to file proof of perfected service upon Bill and Maria Rensel and Plaintiff did not file his alleged falsified Proofs of Service until July 1, 2019, which clearly fell a considerable time

after the May 20, 2019 deadline. The Defendants again request that this case be dismissed for lack of prosecution for failure to file valid Proofs of Service as ordered on or before March 26, 2019.

More concerning at this juncture, is the Plaintiff's unreliable character that if he is willing to file forged documents in an attempt to mislead this Court and Defendants Dodd and Neff into believing that proper service had been perfected, and this case ready to move forward, how can the Defendants rely upon Plaintiffs' written discover responses and other documents in the future? Defendants renew their request that this case be dismissed for these reasons.

3. PLAINTIFF COX HAS REPEATEDLY ASSERTED THAT HE HAS NO INTENTION OF FILING INITIAL DISCLOSURES BASED UPON HIS EXEMPTION AS A PRO SE INCARCERTED INDIVIDUAL.

Plaintiff has made clear that he will be exempt from filing Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(1), because of his incarceration. However, Plaintiff will do so at his peril as Defendants will motion the Court to strike any witnesses or documents the Plaintiff submits for trial on the basis that Defendants had no way to depose witnesses or examine any Plaintiff's documents during the scope of discovery to consider the importance of the case, of the issues at stake in the action, dispute the amount in controversy, dispute the Plaintiff's failures to mitigate those monetary damages and to weigh the benefits and risks of any evidence the Plaintiff submits at trial.

4. CONCLUSION:

Plaintiff fails to provide any substantive arguments legal or otherwise to support his request that this Court deny the Defendants requests that the Court:

    a.    Strike Plaintiff's Premature Filings;

    b.    Involuntary Dismissal of Plaintiff's Case;

c. Motion for Protective Order to Stay Discovery until after the Court's Scheduling Order; or

d. Overcome the Court's previous Orders that it will issue no orders or otherwise interfere with parties not named in the instant case, including statements from non-party filings.

WHEREFORE, Defendants Dodd and Neff Jointly renew their request that this Court enter an Order dismissing Plaintiff's case pursuant to its March 26, 2019 Order for lack of prosecution, and/or in the alternative Strike Plaintiff's false and libelous statements regarding Defendant Dodd, review the filings of Plaintiff pursuant to *Res Accendent Lumina Rebus*, and Issue a Motion for Protective Order until the Court's Scheduling Order, and for any and other such relief as the Court deems proper in the premises.

Respectfully submitted this 22nd day of July, 2019.

_____
Terry Dodd, *Pro Se* Defendant
Address: 11450 Marlborough Drive
Parker, Colorado 80138
Phone:   303-909-1166
Email:   Tcdodd@q.com

_____
Richard Neff, *Pro Se* Defendant
Address: 2101 Broadmoor Avenue
Fairbanks, Alaska 99709
Phone:  (907) 388-6802
Email:  r.neff@gci.net

5

## CERTIFICATE OF SERVICE

I do hereby certify that on this __22nd__ day of July, 2019, that I placed a true and correct copy of the foregoing DEFENDANT TERRY DODD AND DEFENDANT RICHARD NEFF'S JOINED REPLY TO PLAINTIFF'S OBJECTION AND RESPONSE TO JOINED DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PREMATURE FILINGS; REQUEST FOR ORDER OF INVOLOUNTARY DISMISSAL; and MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY UNTIL THE COURT'S SCHEDULING CONFERENCE, in the United States mails, first class, postage pre-paid, addressed to the following:

*VIA US MAIL AND*
*EMAIL TO CORRLINKS-COX, FRANCIS SCHAEFFE INMATE#16179006*
*FEDERAL BUREAU OF PRISONS BOP INIST.*
Francis Schaeffer Cox
#16179-006
TERRE HAUTE-Federal Correctional Institute
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN  47808
*PRO SE PLAINTIFF*

_____
Terry Dodd- *Pro Se* Defendant