IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02328-CMA-NYW

FRANCIS SCHAEFFER COX,

   Plaintiff,

v.

TERRY DODD,
MARIA RENSEL,
BILL RENSEL, and
RICHARD NEFF,

   Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE CLERK TO ENTER DEFAULT AND DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Francis Cox's Motion to Compel the Clerk of the Court to Enter Default and Default Judgment as to Bill and Maria Rensel Only (Fed. R. Civ. P. 55(a)) (Doc. # 113). Having reviewed the Motion, pertinent record, and relevant law, and for the following reasons, Plaintiff's Motion is denied.

### I.    BACKGROUND

Plaintiff asserts that he properly served Defendants Maria Rensel and Bill Rensel with the summons and his civil complaint, and that, upon expiration of Defendants' answer deadline, he moved for the Clerk of the Court ("Clerk") to enter default as to Defendants. (*Id.* at 2.) On July 15, 2019, the Clerk denied Plaintiff's Motion for Default due to procedural defects with Plaintiff's request. (Doc. # 95.) On July 29, 2019, Plaintiff

again moved the Clerk to enter default as to Defendants (Doc. # 106), and again, on July 31, 2019, the Clerk denied Plaintiff's renewed request as a result of procedural defects that remained with Plaintiff's request for default (Doc. # 108).

Instead of refiling a compliant affidavit to address the deficiencies noted by the Clerk, on August 26, 2019, Plaintiff filed the instant Motion and therein argues that the Clerk has incorrectly determined that his request for default is deficient and that the documentation filed in support of his request for default complies with Federal Rules of Civil Procedure 4 and 55. (Doc. # 113 at 3.) As a result, Plaintiff requests this Court to order the Clerk of the Court to enter default. (*Id.* at 3.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014); *see also Garrett v. Seymour*, 217 F. App'x 835, *2 (10th Cir. 2007). "The clerk's function is not perfunctory[;] [b]efore entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)." Wright & Miller, Fed. Practice and Procedure § 2682 (4th ed. 2019); *see also Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710–11 (10th Cir. 2014) (holding that district court acted within discretion in denying motion for default judgment where court clerk declined to enter a default due to defective service).

That Rule 55(a) "gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Id.* "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of the court," a district court maintains inherent power to exercise discretion in determining whether to enter a default. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal citations omitted); *see also* Wright & Miller, *supra*, at § 2682.

### III.	ANALYSIS

The Court declines to order the Clerk to enter default as to Defendants. Contrary to Plaintiff's contention that the Clerk "twice failed to follow the rule" (Doc. # 113 at 1), review of the record demonstrates that the Clerk followed Rule 55(a) and properly discharged its duty to examine the affidavits filed and determine whether they meet the requirements of Rule 55(a). The Clerk concluded that they did not. Indeed, the Clerk has twice issued notices informing Plaintiff that a default would not enter because of specific defects in the affidavits filed in support of Plaintiff's Motion for Default. (Doc. ## 95, 108.) Rather than comply with the Clerk's direction, Plaintiff seemingly continues to file deficient affidavits. Plaintiff's disagreement with the Clerk's direction does not warrant an order requiring the Clerk to enter a default.

Accordingly, because the Clerk of the Court has not entered a default, Plaintiff's motion for a default judgment is improper and will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Compel the Clerk of the Court to Enter Default and Default Judgment as to Bill and Maria Rensel Only (Fed. R. Civ. P. 55(a)) (Doc. #113) is DENIED.

DATED: December 3, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge