IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02328-CMA-NYW

FRANCIS SCHAEFFER COX,

    Plaintiff,

v.

TERRY DODD,
MARIA RENSEL,
BILL RENSEL, and
RICHARD NEFF,

    Defendants.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING REMAINING CLAIMS AND DEFENDANTS

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. #145). Plaintiff contends that the two remaining defendants in this case, Maria and Bill Rensel, have failed to defend this case, and he asks this Court to enter a default judgment in his favor. (Doc. # 152). Plaintiff has failed to demonstrate that this Court has personal jurisdiction over the Rensels. Therefore, the Court denies the request for default judgment and orders dismissal.

To obtain a default judgment, the plaintiff must first demonstrate that the court has personal jurisdiction over the defendants. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (judgment against defendant over whom court has no personal jurisdiction is

1

void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond. *Williams*, 802 F.2d at 1202–03.

To establish personal jurisdiction, the plaintiff must show that the defendant had sufficient "minimum contacts" with the forum state "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This requires showing either (1) that the defendant had "continuous and systematic contacts" with the forum state (general jurisdiction); or (2) that the defendant directed some action at the forum state that gave rise to the instant case (specific jurisdiction). *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Plaintiff has failed to make either showing.

Plaintiff has not offered any facts to suggest that the Rensels have any connection to Colorado. There is nothing in the Complaint to suggest the Rensels live in Colorado; that they do business in Colorado; or that this case arises from some action the Rensels directed at Colorado. Indeed, there is no suggestion anywhere in the Complaint that the Rensels have ever even set foot in Colorado, let alone that they should expect to be haled into Court in this jurisdiction. Rather, the documents filed in this case suggest that the Rensels live and work in Alaska: they were allegedly on the board of an organization called "Alaskans for Liberty" (Doc. # 1, ¶¶ 7-8); they received mail at an address in Fairbanks, Alaska (Doc. # 152, p. 7); and they were allegedly served at an address in Fairbanks, Alaska (Doc. # 72-1).

Further, because Plaintiff's Complaint fails to establish that this Court has

jurisdiction over the remaining defendants, the Court sees no reason why the case should not be dismissed. A court may dismiss a case *sua sponte* when it is "patently obvious" that the plaintiff could not prevail on the facts alleged. *McKinney v. State of Okl., Dept. of Human Services*, 925 F. 2d 363, 365 (10th Cir. 1991). Plaintiff alleges no facts to suggest that this Court has jurisdiction over the Rensels, and this Court cannot enter any judgment against the Rensels in the absence of personal jurisdiction over them. *Marcus Food Co.* 671 F.3d at 1166 (judgment against defendant over whom court has no personal jurisdiction is void). Thus, it is "patently obvious" that Plaintiff cannot prevail on the facts alleged, and the case should be dismissed.[1] *McKinney*, 925 F. 2d at 365.

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. # 145) is DENIED. It is

FURTHER ORDERED that Plaintiff's claims against the Rensels are DISMISSED.

Because the Rensels were the only remaining Defendants, all of Plaintiff's claims have now been dismissed. The Clerk is directed to close this case and enter judgment on this Order.

---

[1] The Court also notes that Plaintiff's fraud and conspiracy claims against these Defendants fail for the reasons identified in Judge Wang's dismissal recommendation (Doc. # 116) and this Court's order adopting that recommendation (Doc. # 123). This additional deficiency supports the "patent obviousness" of the Court's conclusion that dismissal is appropriate.

DATED: January 28, 2021

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge